**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff-Appel-lant,**

v.

**The FIRST CATHOLIC SLOVAK LADIES ASSOCIATION, Defendant-Appellee.**

**No. 81–3534.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 4, 1982.

Decided Dec. 10, 1982.

Rehearing and Rehearing En Banc Denied Feb. 23, 1983.

Michael J. Connolly, (General Counsel), Phillip B. Sklover, Vella M. Fink, William H. Ng, Judy Trent Ellis (argued), EEOC, Washington, D.C., for plaintiff-appellant.

Donald F. Woodcock (argued), Calfee, Halter & Griswold, Cleveland, Ohio, for defendant-appellee.

Before ENGEL and MERRITT, Circuit Judges, and MORTON,* Chief District Judge.

MERRITT, Circuit Judge.

This is an appeal by the Equal Employment Opportunity Commission (EEOC) of

---

* The Honorable L. Clure Morton, Chief District Judge, United States District Court for the Mid-   dle District of Tennessee, sitting by designation.

the District Court's summary judgment order dismissing the case for lack of subject matter jurisdiction. The EEOC alleges that the First Catholic Slovak Ladies Association (the Association or FCSLA) has violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* The EEOC sues on behalf of two former officers of the Association who are between the ages of 66 and 70 years old. The FCSLA is a benevolent association whose members must be either Catholic and of Slovak descent or married to a Catholic of Slovak descent. A non-profit society, the FCSLA sells insurance to its members, maintains various charitable institutions for the elderly and supports educational and religious opportunities.

The FCSLA is governed by three distinct bodies: the Convention, the Board of Directors and the Court of Appeals. The Convention is composed of elected delegates from the many branches around the country. The Convention meets every four years to elect the fourteen members of the Board of Directors who serve until the next election. The Board meets twice yearly to make policy decisions for the Association and to hear complaints by and against members. The Court of Appeals entertains complaints arising out of decisions of the Board.

Each of the directors on the Board also serves as an officer of the Association in some specific capacity such as Secretary, Chaplain or Auditor. The daily management of the Association is the responsibility of seven of these officers who serve on the Executive Committee: the President, Chaplain, Secretary, Secretary of the Junior Order, Treasurer and two Trustees. Each of these officers receives a salary commensurate with the extent of her other duties. The Secretary and the Secretary of the Junior Order, the individuals represented by the EEOC in this action, received $25,000 and $15,000 per year, respectively. Their duties included managing the Association's offices, maintaining the records, collecting Association funds and publishing reports.

The EEOC complaint centers on the following provision of the Association's by-laws:

Any delegate of the Association who is 66 years or under on the first day of the new term is eligible for nomination, election, or appointment to the Board of Directors.

(App. at 176.) The problem is not, however, that the Directors must be 66 years old or younger. Rather, the difficulty arises because this provision indirectly requires that officers also meet the age limitation since all officers must also be on the Board of Directors. (By-laws Article X(a), App. at 174.) The EEOC challenges this age restriction as being in violation of the following statutory provisions on age discrimination:

(a) It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age.

29 U.S.C. § 623(a). The ADEA prohibition on age discrimination applies to employees under the age of 70. 20 U.S.C. § 631(a). An employee is defined in the Act simply as "An individual employed by an employer," and an employer is defined as "a person engaged in an industry affecting commerce." 29 U.S.C. §§ 630(f) and (b). Since these definitions leave great room for interpretation, the issue in this case becomes that of determining whether the salaried officers of the FCSLA should be considered to be employees under the ADEA.

The District Court below found that the directors and therefore the officers of the FCSLA were not employees protected by the ADEA primarily because they assumed office by an elective process and because directorships have traditionally been viewed as employer rather than employee positions. The court below found persuasive by analogy the Eleventh Circuit decision in *Hishon v. King & Spalding,* 678 F.2d 1022 (1982).

In that case the Title VII prohibitions on sex discrimination were held not to apply to a law firm partnership decision not to elevate a female attorney to the position of partner. The District Court in the case at hand emphasized that an election to the Board of the FCSLA, like an election to the partnership of a law firm, involves an internal decision on who should govern and set broad policies for the organization.

We reverse the decision of the District Court because we believe the court interpreted the term "employee" too narrowly and failed to assess the true nature of the position of officer of the Association.

The purpose of the ADEA as stated in the Act itself is to "prohibit arbitrary age discrimination" and "to promote the employment of older persons based on their ability and not their age." 29 U.S.C. § 621(b), Statement of Findings and Purpose. When interpreting the term "employee" in social welfare legislation such as the ADEA, Title VII, the Fair Labor Standards Act and the National Labor Relations Act, courts have used a broad definition so as to effectuate the stated purposes of these Acts. See, e.g., Cincinnati Ass'n for the Blind v. N.L.R.B., 672 F.2d 567 (6th Cir. 1982) (NLRA); Dunlop v. Carriage Carpet Co., 548 F.2d 139 (6th Cir.1977) (FLSA).

A determination of whether an individual is an employee and therefore covered by the protections in ADEA should not center on the label which the organization has chosen to give to the position. By emphasizing that these women held elected positions as directors and officers, the District Court failed to assess accurately their true status. These individuals performed traditional employee duties: maintaining records, preparing financial statements, managing the office. They were responsible for their work to the governing body of the organization and they drew salaries as employees. Their participation on the policy-making Board of Directors does not detract from their primary role as employees.

Nor does the Court find the analogy to the Hishon case, supra, to be controlling in this instance. In Hishon, the Eleventh Circuit emphasized that its holding concerned a decision by the partners on whether to admit a new partner to the partnership:

> ... we are unwilling to dictate partnership decisions under the guise of employee promotions protected by Title VII. The very essence of a partnership is the voluntary joinder of all partners with each other.

Id. at 1028. Although we reserve judgment as to the holding in Hishon, we find the case to be easily distinguishable. The election to partnership with its corresponding opportunity to share in the partnership profits differs markedly from the "election" to the position of officer in the FCSLA. The women in this case have been denied the opportunity to apply for the job of Secretary and Secretary of the Junior Order simply because of a provision in the Association's by-laws which limits these employment opportunities through an age restriction. These positions of officers of the FCSLA come within the broad definition of "employee" as we interpret the term in the Age Discrimination in Employment Act. Thus, the District Court erred by holding that it lacked subject matter jurisdiction under the ADEA.

For these reasons, we reverse the District Court order dismissing the case on summary judgment and remand for proceedings consistent with this opinion.