**Cristela CHAVERO, and all other members of the class similarly affected, Plaintiff-Appellant,**

v.

**LOCAL 241, a DIVISION OF THE AMALGAMATED TRANSIT UNION, an Unincorporated Association doing business in Washington, D.C. and the State of Illinois, Defendant-Appellee.**

No. 85–2362.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 20, 1986 *.

Decided April 3, 1986.

---

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively

concluded that oral argument would not be helpful to the court in this case. The notice

Stuart H. Brody, Brody & Stein, Kathryn M. Cochran, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, WOOD and RIPPLE, Circuit Judges.

PER CURIAM.

Appellant Cristela Chavero brought an employment discrimination action against her former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* The district court determined that it lacked subject matter jurisdiction and granted summary judgment for defendant, and Chavero appealed. We affirm.

Section 703(a) of Title VII, 42 U.S.C. § 2000e–2(a), makes it an unlawful employment practice for an employer to engage in employment discrimination based on race, color, religion, sex or national origin. The Act further provides than an employer may be liable for its actions only if it is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year. 42 U.S.C. § 2000e(b). The district court determined that Chavero sued Local 241 of the Amalgamated Transit Union in its capacity as an employer, not a labor organization,[1] and accordingly must establish that Local 241 had the requisite number of employees for Title VII coverage.

Local 241 represents employees of the Chicago Transit Authority for collective

---

provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

1. Under Title VII a union can be both an "employer" and a "labor organization." As a labor organization, the union is covered under the Act and may be liable in respect to its dealings with employers or its membership, *see* 42 U.S.C. § 2000e–2(c), if it fits the definition of a labor organization. *See* 42 U.S.C. §§ 2000e(d) and (e). Where, however, a plaintiff attempts to hold the union liable in its employer capacity, it must fall under that definition, *see* 42 U.S.C. § 2000e(b), just as any other employer. *Phelps v. International Molders Local 63*, 25 Fair Empl.

Prac.Cas. (BNA) 1164, 1166 (D.Minn.1981) ("There is no indication anywhere in the statute [Title VII] that a labor union as an employer is to be treated differently than any other employer (in other words, that it should not have to meet the definition of employer contained in § 2000e(b)).". *But see* EEOC Dec. No. 7157, 3 Fair Empl.Prac.Cas. (BNA) 94 (July 17, 1970) (a union employing fewer than 15 employees may be liable for actions it takes as an employer if it qualifies as a labor organization under the Act); EEOC Dec. No. 7–3–336U, 1 Fair Empl.Prac.Cas. (BNA) 909 (June 18, 1969) (same). In any event, Chavero does not challenge the district court's ruling on this issue and we therefore do not address it.

bargaining purposes. At the time of her discharge, Chavero was Local 241's secretary-typist. In addition, Local 241 employed a bookkeeper and a records clerk. Five officers elected by the membership of Local 241 manage the day-to-day affairs of the union. Local 241's president, financial secretary-treasurer, and recording secretary work full-time and are salaried; two vice-presidents also work full-time but are compensated on a per diem basis. All officers exclusively perform union duties; none currently work as employees of the Chicago Transit Authority. Additionally, a 25-member executive board supervises and directs the management of the union. The board meets twice a month and when necessary to take action on employee grievances, collective bargaining, union finances and other membership matters, normally three days each month. Each board member is an employee of the Chicago Transit Authority; all members perform regular duties as Chicago Transit Authority employees and are paid by the Chicago Transit Authority. For the days each month they conduct union business, Local 241 compensates the members at a per diem rate. On the basis of these facts, the district court saw the critical issue as whether the executive board members of Local 241 are "employees" for purposes of Title VII coverage;[2] the court concluded that they were not and granted summary judgment in favor of Local 241.

Section 701(f) defines an "employee" simply as an individual employed by an employer. 42 U.S.C. § 2000e(f). Chavero argues that under this definition all board

members are employees of the union because they "do all the work for the union" and most members make a substantial amount of money in excess of the calculations based on the affidavit of Local 241's president. *See supra* note 2. While courts generally construe the term "employee" broadly under all provisions of Title VII, *Armbruster v. Quinn,* 711 F.2d 1332, 1340 (6th Cir.1983), members of boards of directors are not employees for purposes of Title VII coverage under any standards. 1 Larson, *Employment Discrimination* § 5.25 at 2–22 (1985). *See also York v. Tennessee Crushed Stone Association,* 684 F.2d 360, 361 (6th Cir.1982) (defendant association, managed by a board of directors, never had more than two employees, an executive director and his secretary).

In a case arising under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.,* this court refused to count as employees the wives of two of the company's major shareholders who were paid for their roles as directors but received no compensation and took no active role in their positions as corporate officers. *Zimmerman v. North American Signal Co.,* 704 F.2d 347, 351–52 (7th Cir.1983). Drawing an analogy to the virtually identical definition of "employee" in 42 U.S.C. § 2000e(f),[3] this court determined that the legislative history of Title VII "militates against distorting traditional concepts of employment relationships." *Id.* at 352. Congress did not intend "the term 'employee' to include persons who are no more than directors of a corporation or unpaid, inactive officers." *Id.*[4]

2. If all the officers of Local 241 were employees for purposes of Title VII coverage, the total of employees would still not meet the required 15.

Further, counsel for Local 241 correctly points out that Chavero must also establish that each employee is employed for every working day in each of 20 or more calendar weeks. Chavero's responsive affidavit merely shows that six members of the Local 241's executive board received over $20,000 in compensation for calendar year 1983 and that seven other members received over $15,000; ten additional board members received more than $12,000 for their union activities.

3. The Age Discrimination in Employment Act defines an "employee" as "an individual employed by any employer...." 29 U.S.C. § 630(f).

4. Senator Dirksen raised a number of questions as to the feasibility and wisdom of Title VII. Senator Clark prepared a list of those questions and his responses in memorandum form. Among the objections and answers was the following colloquy:

Objection: It is arguable that the bill apply [sic] to the election of the Board of Directors by stockholders.

Directors are traditionally employer rather than employee positions. *See* 1 Model Business Corporation Act Anno. § 1.40(8) (3d ed. 1985). Although a director may accept duties that make him also an employee, *cf. EEOC v. First Catholic Slovak Ladies Association*, 694 F.2d 1068, 1070 (6th Cir.1982) (directors of nonprofit society who were also salaried officers and maintained records, prepared financial statements and managed office, employees for purposes of ADEA), *cert. denied*, 464 U.S. 819, 104 S.Ct. 80, 78 L.Ed.2d 90 (1983), a director is not an employee because he draws a salary. *See Zimmerman v. North American Signal Co.*, 704 F.2d at 351–52. Rather, the primary consideration is whether an employer-employee relationship exists. *Id.* at 352 n. 4. The record here fails to establish that the board members perform traditional employee duties. The union officers manage the daily operations of Local 241 under the direction of the board. Although the board undertakes investigations of all grievances and disputes between union members and the company, it reports to no one other than itself. *Cf. EEOC v. First Catholic Slovak Ladies Association*, 694 F.2d at 1070. As such, the individual board members are not employees for Title VII coverage. *See* EEOC Dec. No. 80–23, 26 Fair Empl.Prac.Cas. (BNA) 1807 (August 27, 1980) (board of trustees and individual trustees who are granted exclusive authority to control and manage operation and administration of trust and its assets not employees within meaning of Title VII).

Since Local 241 did not have the requisite 15 or more employees, the summary judgment for defendant is

AFFIRMED.

Answer: It will not. Board members are not employees nor are stockholders employers.

110 Cong.Rec. 7218 (April 8, 1964).