**Lester E. SCHLITZ, Plaintiff,**

v.

**COMMONWEALTH OF VIRGINIA, Defendant.**

**Civ. A. No. 87–0753–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

March 14, 1988.

---

Henry Marsh, Margaret Spencer, Hill, Tucker and Marsh, Richmond, Va., Gary Howard Simpson, Simpson and Ehrlich, P.A., Bethesda, Md., for plaintiff.

Mary Sue Terry, Atty. Gen., Cleo E. Powell, Sr. Asst. Atty. Gen., Gregory E. Lucyk, Asst. Atty. Gen., Office of the Atty. Gen., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

This matter comes before the Court on the defendant's Motion to Dismiss the Amended Complaint or for Summary Judgment filed pursuant to Fed.R.Civ.P. 12(b)(1) and 56(b). Matters outside the pleadings having been presented to the Court, the motion will be treated as one for summary judgment. The parties having fully briefed the issues and presented oral argument, the matter is ripe for disposition.

### Background

Plaintiff Lester E. Schlitz, a former Circuit Court Judge for the City of Portsmouth, brings this action for age discrimination against the defendant Commonwealth of Virginia under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §§ 621 *et seq.*

He alleges that he was denied reappointment at the end of his eight-year term on January 31, 1987 because of his age. Plaintiff reached seventy years of age on January 6, 1987. Virginia Code Section 51–167(a) provides for the mandatory retirement of Virginia judges when they reach seventy years of age.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") following his failure to be reappointed. This action followed.

### Discussion

In its motion defendant contends that it cannot be held liable for discrimination under the ADEA because Congress had neither the power nor the intention to extend the protections of the ADEA to appointed state judges, and thereby preempt the Virginia mandatory retirement statute.[1]

#### I.

The ADEA generally makes it unlawful "for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation terms, conditions or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Congress, in 1974, specifically extended the ADEA to state and local governments by amending the definition of "employer" at 29 U.S.C. 630(b).

Defendant contends that although the ADEA may apply to many state employees, Congress is without power to extend the ADEA to Virginia's judges. Under the

---

1. The defendant further argues that it is protected by legislative immunity and that Virginia judges are policymakers and independent contractors under the ADEA. The Court is satisfied that these arguments are without merit.

Additionally, the defendant seeks summary judgment on the merits. Judgment on this ground would be premature, as additional discovery is necessary. Defendant is granted leave to renew this motion at a later time.

Virginia Constitution, state judges are appointed to office by the General Assembly. Article V, section 7 of the state Constitution provides that "judges ... shall be chosen by the vote of a majority of the members elected to each house of the General Assembly." The General Assembly is further empowered to "provide for the mandatory retirement of justices and judges after they reach a prescribed age." Va. Const. Art. VI, § 9. Pursuant to this authority, the Virginia legislature has enacted Va. Code § 51–167(a), which provides that any judge "who attains seventy years of age shall be retired twenty days after the convening of the next regular session of the General Assembly."

Defendant contends that the selection of judges is a core state function. Defendant argues that selection of state judges is essential to the autonomy and independence of the states, and judicial selection is thus a power reserved to the states under the Tenth Amendment. Having no authority to act in the area, defendant asserts, Congress could not constitutionally pass a law that preempts a state's constitution or statutes on the issues of judicial qualifications and selection.

Although the defendant's position might have been more persuasive during the reign of the "traditional governmental function" concept of *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), it must, in the Court's view, fail under the Supreme Court's analysis in *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). In *Garcia*, the Court noted that the purpose of Tenth Amendment immunity is not to preserve "a sacred province of state autonomy," or to carve out express areas of state sovereignty which the federal government may not preempt through the exercise of its delegated powers. *Id.* at 550, 105 S.Ct. at 1017 (*quoting EEOC v. Wyoming*, 460 U.S. 226, 236, 103 S.Ct. 1054, 1060, 75 L.Ed.2d 18 (1983)). Nor is Congressional authority under the Constitution to be restricted by "freestanding conceptions of state sovereignty." *Id.* The Court determined that where Congress has power to legislate under the Commerce Clause, notions of traditional state functions will not preclude exercise of that federal power. The Court cited with approval *EEOC v. Wyoming, supra,* in which the extention of the ADEA to cover state and local governments was held to be a valid exercise of Congress' powers not precluded by the Tenth Amendment. *See* 460 U.S. at 238–243, 103 S.Ct. at 1061–1064.

There are few limitations on Congress' power to legislate under the Commerce Clause on matters of state sovereignty. *Garcia*, 469 U.S. at 556, 105 S.Ct. at 1020. Furthermore, the ADEA applies under the Commerce Clause to state employees in general. *EEOC v. Wyoming*, 460 U.S. at 243, 103 S.Ct. at 1064. *See also, Johnson v. Mayor and City Council of Baltimore*, 472 U.S. 353, 105 S.Ct. 2717, 86 L.Ed.2d 286 (1985) (ADEA applies to municipal employees). There is no indication that the political process under which the ADEA was extended to state employees, including judges, was inadequate to protect the states from being unduly burdened by the federal government. *See Garcia*, 469 U.S. at 556, 105 S.Ct. at 1020. Congress therefore has the power to extend the protections of the ADEA to state judges.

## II.

Defendant argues that even if Congress has the authority to extend the ADEA to state judges, Congress did not intend to nor did it do so. Characterizing the selection of judges as a domain traditionally left to the states, defendant contends that specific Congressional intent to preempt state law in this case must be shown before the Virginia mandatory retirement statute may be held preempted. The ADEA provides at 29 U.S.C. § 630(f):

The term "employee" means an individual employed by any employer except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an

immediate adviser with respect to the exercise of the constitutional or legal powers of the office.

Defendant argues that although § 630(f) specifically excludes from the ADEA only the judges of the forty states which, so it is represented, elect their judges, the appointed judges of the remaining ten states are not necessarily included within the scope of the ADEA.

In a fact situation virtually identical to the instant action, the Supreme Judicial Court of Massachusetts ruled that the ADEA does not preempt a provision of the Massachusetts Constitution which requires all state judges to retire at age seventy. *Apkin v. Treasurer and Receiver General,* 401 Mass. 427, 517 N.E.2d 141 (1988). The court concluded that the ADEA could not be read in derogation of the state's sovereign interest because Congress did not clearly express an intention to apply the ADEA to appointed state judges. Noting that the ADEA exempts elected officials, the court determined that absent any indication to the contrary, Congress could not have intended the ADEA to apply to the appointed judges of ten states while specifically excluding the elected judges of forty states.

*EEOC v. Massachusetts,* No. 87–3015–K (D.Mass. February 23, 1988) addressed the same issues as *Apkin.* Again, the Massachusetts mandatory retirement provision for judges was held not preempted by the ADEA. The Court held that Congress had not specifically stated an intention to override state law in this area, and construed the exemptions from the definition of employee in § 630(f) to be merely examples. The Court reasoned that although elected judges are not employees under the ADEA, it does not necessarily follow that appointed judges are employees.

This Court is not persuaded by the reasoning of *Apkin* or *EEOC v. Massachusetts.* Although the courts are reluctant to construe federal statutes so as to preempt state law, a state provision can have no effect where Congress has clearly intended to displace state law. *Maryland v. Louisiana,* 451 U.S. 725, 746, 101 S.Ct. 2114,

2129, 68 L.Ed.2d 576 (1981). A Congressional purpose to displace state law may be evidenced in several ways, such as a showing that compliance with both federal and state regulations is an impossibility, or that the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *Id.* at 746–747, 101 S.Ct. at 2128–2129 (citations omitted).

Congress has stated the purpose of the ADEA as promoting employment of older persons based on their ability rather than age, and prohibiting arbitrary age discrimination in employment. 29 U.S.C. § 621(b). Defendant argues that because Congress never specifically referred to state court judges in either the ADEA or its legislative history, the ADEA was not intended to cover these officials. Defendant not only fails to recognize that the ADEA "*broadly* prohibits arbitrary discrimination in the work place based on age," *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 120, 105 S.Ct. 613, 621, 83 L.Ed.2d 523 (1985) (emphasis added), but it also mischaracterizes the clear statement rule by demanding explicit mention of each official to be included within the scope of the ADEA.

It appears that nowhere in the legislative history of the ADEA is there any discussion regarding judges and the particular place they hold in state government. The plain language of the ADEA, however, makes it clear that appointed state judges are to be protected from age discrimination in employment. Virginia's judges are employees of the state. *See* EEOC Formal Opinion Letter to the Honorable Claude Pepper (April 7, 1987). These judges show traditional employee characteristics: drawing salaries, working under the direction and control of the state, and performing other employee duties. *See EEOC v. First Catholic Slovak Ladies Association,* 694 F.2d 1068, 1070 (6th Cir.1982) *cert. denied,* 464 U.S. 819, 104 S.Ct. 80, 78 L.Ed.2d 90 (1983). Absent some applicable exception to the statutory definition of employee, state judges must be deemed employees deserving of and in need of the same pro-

tections afforded the remainder of the employed population.

The judges of those states which elect, rather than appoint, their judges are specifically excluded from the ADEA by § 630(f). The defendant contends that including appointed judges under the ADEA creates the "absurd result" of ADEA protection for the judges of only ten states. The absurdity which the defendant perceives, however, is the result of an improperly narrow view of the ADEA. The ADEA neither explicitly includes nor excludes specific types of state judges. Instead, the relevant classifications are elected and appointed officials.

Through § 630(f), the ADEA specifically exempts all elected officials, while only exempting certain appointed officials. The proper comparison is not the treatment of elected state judges vis-a-vis appointed state judges, but rather is elected officials generally, vis-a-vis appointed officials. Congress based application of the ADEA upon whether an official is elected, not whether he is an elected judge.

The plain language of the ADEA indicates Congress has determined that ADEA protection is warranted for all appointed officials who are employees, other than those meeting specific exceptions. Such protection was apparently not deemed necessary for elected officials, perhaps due to confidence that the electorate will not discriminate based on age. It is not for this Court to determine whether Congress established the best possible scheme for combating age discrimination, and the Court renders no such judgment. However, it is clear that the plain meaning of the ADEA which distinguishes between elected and appointed officials does not lead to results so absurd or futile that the Court must reject the statutory language. *See United States v. American Trucking Association,* 310 U.S. 534, 543, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940).

### Conclusion

For the foregoing reasons, the protections of the ADEA are extended to the appointed judges of Virginia. Congress has exercised its power to preempt state age-based mandatory retirement laws for appointed officials. Defendants' motion to dismiss or for summary judgment must therefore be denied.

An appropriate Order shall issue.