**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**The STATE OF ILLINOIS, Defendant.**

**No. 88 C 10298.**

United States District Court, N.D. Illinois, E.D.

Sept. 7, 1989.

---

Allison J. Nichol, John C. Hendrickson, E.E.O.C., Chicago, Ill., for plaintiff.

John A. Simon, Asst. Atty. Gen., Illinois Attorney General's Office, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the court on defendant State of Illinois' ("State") motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the State's motion is granted.

## BACKGROUND

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") is the agency of the United States government charged with the administration, interpretation and enforcement of the Age Discrimination in Employment Act of 1967 as amended ("ADEA"), 29 U.S.C. 621 *et seq.* EEOC filed this suit against the state on December 7, 1988, alleging that since at least January 1, 1987, and continuously up until the present, the State has engaged in unlawful employment practices in violation of Sections 4(a) and (e) of the ADEA by publishing, maintaining, and enforcing Illinois Revised Statute, Chapter 37 Para. 23.-71 (1987) ("State statute") which mandates the compulsory retirement of Associate Judges at the expiration of the term in which the Associate Judge attains the age of 75. The EEOC's request for injunctive relief is grounded in an assertion that the State statute is in direct conflict with the ADEA. No one disputes that a mandatory retirement age imposed on persons covered by the ADEA is a prima facie violation. The issue, therefore, is whether Associate Judges are employees under the ADEA or exempted from those persons covered by the Act.

## DISCUSSION

### I.

■ The State of Illinois raises two preliminary issues that the court will briefly address. First, the State argues that the absence of a named individual in the EEOC's complaint deprives the EEOC of standing and renders the case premature. However, the EEOC does not challenge the constitutionality of the statute, but rather, seeks to enjoin the State from enforcing the statute because it allegedly conflicts with federal law. Accordingly, it is the maintenance of the statute itself which is actionable by the EEOC. *EEOC v. Elrod,* 47 FEP 1651, 1986 WL 10374 (N.D.Ill.1986) *aff'd in part, rev'd and rem'd in part sub nom., EEOC v. O'Grady,* 857 F.2d 383 (7th Cir.1988). The ADEA does not require the EEOC to wait until a charge has been filed by an individual victim to take action

**158**

against the maintenance of a discriminatory statute. See *EEOC v. Wyoming Retirement Systems*, 27 FEP 1291, 1292 (D.Wyo. 1981).

Secondly, the State's contention that the EEOC's complaint should be dismissed because of inadequate conciliation efforts is without merit. The Act provides in pertinent part:

> Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and effect voluntary compliance with the requirements of this Act through informal methods of conciliation, conference, and persuasion.

29 U.S.C. § 626(b). The State of Illinois argues that Congress places great emphasis on the EEOC's duty to engage in informal methods of conciliation and has deprived Illinois of its opportunity to comply voluntarily with the Act. In support, the State cites Art. 6, Sec. 15 of the Illinois Constitution which gives the Illinois Supreme Court the power to recall a mandatorily retired Associate Judge for judicial service. Such a statute is not relevant to the present dispute which involves mandatory retirement on the basis of age in the first instance and not the possibility of returning to the bench following a competency determination by the Supreme Court. Conciliation efforts were made prior to the commencement of this litigation and the State's arguments do not warrant this court's dismissal of the matter under Federal Rule of Civil Procedure 12(b)(1). See generally, *EEOC v. Prudential Federal Savings and Loan Ass'n.*, 763 F.2d 1166, 1169 (10th Cir.1985) *cert. denied* 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985). The remaining issue to be resolved by the court is whether appointed associate judges are exempt from the ADEA. If associate judges are excluded, the state law does not violate the ADEA and the State's motion should be granted.

### II.

■ In order to have a claim dismissed under Rule 12(b)(6), the moving party must meet a high standard. Under the "simpli-

fied notice pleading" of the Federal Rules of Civil Procedure, the allegations of a complaint should be construed liberally and "the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Lewis v. Local Union No. 100 of Laborers' Intern. Union of North America, AFL–CIO*, 750 F.2d 1368 (7th Cir.1984). When considering a defendant's motion to dismiss the Court must view the complaint's allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley*, 355 U.S. at 45, 78 S.Ct. at 102.

### III.

The ADEA provides that:

> "(i)t shall be unlawful for an employer to fail to refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age ..."

29 U.S.C. § 623(a)(1). On January 1, 1987 the ADEA was amended so as to entirely remove the upper age limit by deleting the language "but less than 70 years of age." The State law provides that "a judge is automatically retired at the expiration of the term in which the judge attains the age of 75." Ill.Rev.Stat. Ch. 37, par. 23.71 as amended by P.A. 85–1413. Prior to January 1, 1987 the Illinois law would not affect individuals protected by the ADEA. Now the State law is in direct conflict with the ADEA if appointed associate judges are "employees" protected by the Act.

Congress expressly exempted certain public officials from the expansive protections afforded by the ADEA:

> (t)he term "employee" means an individual employed by an employer except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any

person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate advisor with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency, or political subdivision . . .

29 U.S.C. § 630(f). The term "employer" includes a State. *Id.* § 630(b)(2). No one has disputed that judges who are elected "by the qualified voters" of a State are excluded from protection under the ADEA.

Illinois associate judges are not "elected" or chosen by an elected official to serve on "such officer's personal staff" nor are they "immediate advisors" to the official with respect to the powers of his or her office. The associate judges can only be exempted from the ADEA if they are "appointee(s) on the policymaking level."

This issue is one of first impression in this court. Other federal courts that have addressed the matter are not in agreement. A district court in Massachusetts held that the ADEA should not be interpreted to protect State appointed judges. *EEOC v. Massachusetts*, 680 F.Supp. 455 (D.Mass. 1988). In affirming this ruling, the First Circuit concurred with the district court's holding that appointed judges engage in policymaking, and that they are thereby excluded from the ADEA's protection. *EEOC v. Massachusetts*, 858 F.2d 52 (1st Cir.1988). On the other hand, the district court in Virginia held that appointed State judges are to be protected from age discrimination in employment under the plain language of the ADEA. *Schlitz v. Virginia*, 681 F.Supp. 330 (E.D.Va.1988), *rev'd on other grounds*, 854 F.2d 43 (4th Cir. 1988). Most recently in *EEOC v. Vermont*, 717 F.Supp. 261 (D.Vt.1989), the district court of Vermont found that Vermont should be enjoined from mandatorily retiring appointed Supreme Court Justice Louis Peck.

The EEOC has characterized the ADEA's exemptions as follows:

[i]n exempting policymaking appointees, Congress realized the necessity of allowing elected officials complete freedom in appointing those who would direct state and local departments and agencies. These individuals must work closely with elected officials and their advisors in developing policies that will implement the overall goals of the elected officials. In order to achieve these goals, an elected official is likely to prefer individuals with similar political and ideological outlooks. Congress intended to allow elected officials the freedom to appoint those with whom they feel they can work best.

EEOC Decisions (CCH) ¶ 6725 (1983) cited in *EEOC v. Vermont*, at 265. Judges comprise a completely separate branch of government than state elected officials and the policymakers whom the elected officials are free to appoint. Nonetheless, no one disputes that elected state judges are included in the exception as "elected officials." The argument against exempting judges because state judges are not expressly mentioned is, therefore, without merit.

As the United States Court of Appeals for the First Circuit pointed out in *EEOC v. Massachusetts*,

Without question, the tenure of state judges is a question of exceeding importance to each state, and a question traditionally left to be answered by each state. Any federal encroachment on a state's freedom of choice in this area, therefore, strikes very close to the heart of state sovereignty. Congress is not likely to take such step lightly, nor are we inclined to imply such congressional intent where we find Congress did not consciously address the question.

*Id.* at 54. Absent an express Congressional intent to limit the exception to the legislative and executive branch, a rational reading must include high ranking state officials in all three branches. There is no principled basis, either in the language of the statute or in expressed legislative intent, to treat appointed judges differently from elected judges. Particularly is this

**160**

true where the duties discharged by both categories of judges are essentially the same.

## CONCLUSION

For the reasons stated above, the State of Illinois' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.

It is so ordered.