April 28, 1998

No. 4--97--0480

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

FRANK M. WANLESS,        ) Petition for Review of the 

   ) Order of the Illinois

Complainant-Appellant,      ) Human Rights Commission      )

v.   ) 

   ) 

THE ILLINOIS HUMAN RIGHTS   ) 

COMMISSION, THE ILLINOIS   )

DEPARTMENT OF HUMAN RIGHTS,   ) 

and TREMONT SAVINGS BANK and   ) 

its BOARD OF DIRECTORS.   ) Charge No. 1995SA0438 

Respondents-Appellees.   ) 

_________________________________________________________________

JUSTICE HOLDRIDGE DELIVERED THE OPINION OF THE COURT:
 

_________________________________________________________________

We are presented here with the issue of whether the Illinois Human Rights Commission erred in dismissing petitioner's complaint for lack of jurisdiction by determining that the petitioner, was not an "employee" under the Act.  For the following reasons, we affirm the decision of the Commission.   

Frank Wanless appeals from a decision of the Illinois Human Rights Commission (Commission) finding that it did not have jurisdiction over his claim of age discrimination against the Tremont Savings Bank when he was forced to leave the Board of Directors upon attaining the age of 75 years.  Wanless filed a charge of unlawful employment discrimination under the Illinois Human Rights Act. 775 ILCS 5/1-101 
et
 
seq
. (Michie 1994)(the Act).  The Commission determined that the Act's prohibition against age discrimination in employment did not apply to Wanless as neither his membership on the Board of Directors, nor his appointment as Vice-President of the Bank, nor his performance of legal services at the Bank's attorney in certain loan transactions met the definition of an "employee"  under the Act.

The facts in this matter are relatively straightforward and largely uncontested.  Wanless served for over 25 years as a member of the board of directors of the Tremont Savings Bank, and its predecessors institutions.  Upon reaching his seventy-fifth birthday, Wanless was informed by representatives of the Bank that certain federal regulations governing savings institutions did not permit individuals 75 or older to serve on the board of directors.  During the last two years of his tenure on the board, Wanless was given the title of Vice President of the bank, occasionally signing documents on behalf of the bank in that capacity.  He never received a wage or salary for service while on the board, nor for his services as vice-president, although he did receive a meeting attendance fee for each meeting of the board he attended.  

During his tenure on the Board, Wanless was an attorney engaged full-time in the practice of law.  His professional corporation performed legal services for the bank, typically title work and legal services in connection with loans and foreclosures.  His corporation billed the bank for those services.  

Wanless filed a charge of age discrimination 
with the Illinois Department of Human Rights alleging that his removal from the Board of Directors constituted unlawful employment discrimination based upon age.  The Department conducted two separate fact-finding investigations of the charge and issued a report in which it determined and recommended a finding of lack of jurisdiction based upon its finding that Wanless was not an "employee" of the Bank as defined in section 2-101A of the Act.  

The Commission concurred in the Department's conclusion that Wanless did not meet the statutory definition of "employee" and entered an order dismissing Wanless' complaint.  Wanless appealed directly to this court.   

Where the Commission construes a statute, a reviewing court is not bound by the Commission's legal conclusion and reviews the decision 
de
 
novo
.  
Tate v. American General Life & Accident Insurance Co.
, 274 Ill. App. 3d 769, 774 (1995).  However, the Commission's interpretation of a statutory provision of the Act will be accorded substantial weight and deference by the reviewing court.  
River Bend Community Unit School Dist. No. 2 v. Human Rights Comm'n
, 232 Ill. App. 3d 838, 843 (1992).  This is so because the Commission's interpretation of the Act flows directly from its expertise and experience with the statute that it administers and enforces.  
Illinois Consolidated Telephone Co. v. Illinois Commerce Comm'n
, 95 Ill. 2d 142 (1983).  

The Act defines an "employee" as "any individual performing services for remuneration within this State for an employer."  (775 ILCS 5/2-101A (Michie 1994)).  Wanless maintains that he performed services for the Bank as a Vice-President, a member of the Board of Directors, and as an attorney for which he received "remuneration" in the form of director fees and attorney fees.  We agree with the Commission's finding that the compensation Wanless received is outside that intended to be included in within the jurisdiction of the Act.

First, the record clearly supports a conclusion that Wanless' compensation for services rendered as an attorney at law where for the services of an independent contractor, not an employee.  It is undisputed that Wanless maintained a full-time practice of law in Morton, Illinois.  Wanless practiced as a professional corporation, and the Bank retained Wanless Professional Corporation to perform particular legal services.  The Bank paid the Wanless Professional Corporation, not Wanless personally, for the legal services performed by Wanless and billed to the Bank.  Thus, legal fees paid by the Bank to Wanless Professional Corporation cannot be considered remuneration for services performed for an employer.   

In addition, the record indicates that Wanless had other clients in addition to the Bank, and that he controlled both the means and the methods of the performance of legal services on behalf of the Bank.  Thus, Wanless' role as an attorney was that of an independent contractor, not an employee.  See, 
Bob Neal Pontiac-Toyota, Inc. v. Illinois Industrial Comm'n
, 89 Ill. 2d 403, 412 (1982).  

 Wanless next maintains that his receipt of director's fees for attending the meetings of the Bank's board of directors constitutes "remuneration" under the act.  We agree with the Commission's finding to the contrary and affirm its holding that fees paid to an individual for services performed solely as a director of the corporation or association cannot constitute "remuneration" of an employee for purposes of the Act.  

Generally, a director of a corporation or association is considered an employer rather than an employee.  See, 
EEOC v. First Catholic Slavak Ladies Assoc.
, 694 F.2d 1068, 1069 (6th Cir. 1982).  We also note that directors are not considered employees under federal discrimination laws.  See, 
McGraw v. Warren County Oil Co.
, 707 F.2d 990, 991 (8th Cir. 1983); 
Zimmerman v. North American Signal Co.
, 704 F.2d 347, 351-52 (7th Cir. 1983).  When analyzing claims of discrimination under the Act, Illinois courts have looked to the standards applicable to analogous federal claims.  See, 
Valley Mould & Iron Co. v. Illinois Human Rights Comm'n
, 133 Ill. App. 3d 273 (1985).  

Wanless lastly maintains that his appointment to the Board and the Banks retention of his professional corporation for legal services constituted remuneration for his services as a vice-president.  We view this argument as merely a restatement of the previous arguments.  

As we have found that the Commission was correct in its determination that none of the compensation received by Wanless constituted remuneration under the Act, we affirm 
the decision of the Commission finding that it lacked jurisdiction over the charge of discrimination.

Affirmed.    

BRESLIN and HOMER, JJ., concurred.