Suzanne B. REIL, Plaintiff,

v.

CLINTON COUNTY, NEW YORK; Clinton County Area Development Corp.; Clinton County Industrial Development Agency; Clinton County Area Development Corp. Defined Benefit Plan; Gerard E. Kelly; Glen Ashley, Defendants.

Clinton County, New York, Cross-claimant,

Clinton County Area Development Corp.; Clinton County Industrial Development Agency; Clinton County Area Development Corp. Defined Benefit Plan; Gerard E. Kelly; Glen Ashley, Cross-defendant.

No. 96–CV–1671 (LEK/DRH).

United States District Court, N.D. New York.

Nov. 19, 1999.

Susan S. Dautel, Deily, Testa Law Firm, Albany, NY, for Suzanne B. Reil, plaintiff.

Bruce A. Bell, Maynard, O'Connor Law Firm, Albany, NY, for Clinton County, New York, defendant.

Paul J. Siegel, Wendy J. Mellk, Jackson, Lewis Law Firm, Woodbury, NY, for Clinton County Area Development Corp., Clinton County Industrial Development Agency, Clinton County Area Development Corp. Defined Benefit Plan, Glen Ashley, defendants.

Ann S. Simet, nam Hodgson, Russ Law Firm, Buffalo, NY, for Gerard E. Kelly, defendant.

## MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before the Court are (i) defendants Ashley, Clinton County Area Development Corp., Clinton County Industrial Development Agency, and Clinton County Area Development Corp. Defined Benefit Plan's motion for summary judgment and award of attorneys' fees, (ii) defendant Clinton County's motion for summary judgment and award of attorneys' fees, and (iii) defendant Kelly's motion for summary judgment and award of attorneys' fees. For the reasons set forth below, the motions for summary judgment are granted, the case dismissed, and the motions for award of attorneys' fees denied.

### I. BACKGROUND

Defendant Clinton County Area Development Corp. ("ADC"), a non-profit corporation, employed Plaintiff from May 1973 through June 14, 1994, first as an administrative aide and later as an assistant to the president. Pursuant to an employment contract between defendant ADC and defendant Clinton County Industrial Development Agency ("IDA"), ADC employees perform IDA functions because of an overlap in those organizations' goals.

Plaintiff maintains that from 1990 until the termination of her employment, she was sexually harassed by defendant Kelly and that his conduct was known to the ADC chairman, defendant Ashley. Plaintiff maintains that in October 1994, she complained of the harassment to the ADC board of directors, who took no action. Plaintiff submitted her resignation on June 14, 1995, then commenced the present action. In addition to claims related to her sexual harassment claims, Plaintiff alleges that Defendants improperly administered and supervised the ADC Defined Benefit Plan ("Benefit Plan"), resulting in the underfunding and diminishment of her investments.

Plaintiff has subsequently withdrawn the Title VII claim against defendants Ashley and Kelly, and the intentional infliction of emotional distress and ERISA claims against all defendants.

### II. ANALYSIS

All defendants now seek summary judgment and an award of attorneys' fees. The standard for summary judgment is well-established. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is genuinely disputed only if, based on that fact, a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all evidence must be viewed and all inferences must be drawn in the light most favorable to the nonmoving party. *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 45 (2d Cir.1988).

The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes

demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Upon the movant's satisfying that burden, the onus then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "but must set forth specific facts showing that there is a genuine issue of fact for trial." *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). Summary judgment is usually unwarranted when the defendant's state of mind is at issue. *Clements v. Nassau County*, 835 F.2d 1000, 1005 (2d Cir.1987). In order to raise a fact issue regarding state of mind, however, there must be solid circumstantial evidence to prove plaintiff's case. *Id.* "Mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996).

### A. Motion by Defendants Ashley, ADC, IDA, Benefit Plan, and Clinton County

Plaintiff commenced this action under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* Title VII prohibits employers from engaging in discriminatory employment practices, but narrows the scope of its mandate by defining the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). While conceding that neither ADC nor IDA ever employed more than fifteen individuals, Plaintiff contends that the boards of directors of both entities should be considered employees, thereby satisfying the statutory requirement, and that both entities were effectively arms of Clinton County and the rationale underlying the statute does not apply to them. Plaintiff errs.

■ Courts have traditionally regarded board members and officers as employers, and treated them as employees only in very narrow circumstances where they have assumed duties associated with employees. *See, e.g., EEOC v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1539–40 (2d Cir.1996) (holding that directors of an insurance brokerage firm were employees for purposes of the ADEA because each performed traditional employee duties, worked full-time for the firm, and reported to senior members of the firm). The Seventh Circuit has noted that, "[a]lthough a director may accept duties that make him also an employee, a director is not an employee because he draws a salary. Rather, the primary consideration is whether an employer-employee relationship exists." *Chavero v. Local 241*, 787 F.2d 1154, 1157 (7th Cir.1986) (citations omitted). In *EEOC v. First Catholic Slovak Ladies Ass'n*, 694 F.2d 1068 (6th Cir. 1982), *cert. denied*, 464 U.S. 819, 104 S.Ct. 80, 78 L.Ed.2d 90 (1983), which Plaintiff relies upon, the Sixth Circuit held that persons who were directors and officers could be considered employees under the ADEA because the individuals "performed traditional employee duties" such as "maintaining records, preparing financial statements, [and] managing the office." *Id.* at 1070.

Here, there is no evidence that ADC board members ever engaged in activity approaching ordinary employee functions. Board members confined their role to attendance at board meetings and general policy setting, and never ventured further afield into managing the office, maintaining records, or preparing financial statements. Plaintiff also speculates that ADC's by-laws invest board members with responsibility for daily administration. That is incorrect: ADC's by-laws vest that

responsibility in the president, who also makes all personnel-related decisions. In short, the facts in this case implicate none of the factors that confer employee status on board members.

■ Plaintiff's argument with respect to defendants IDA and Clinton County similarly founder. In *Walters v. Metropolitan Educ. Enters., Inc.*, 519 U.S. 202, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997), the Supreme Court adopted the "payroll method" of determining Title VII's statutory prerequisite that the employer have fifteen or more employees on a given work day. In other contexts, the Supreme Court has concluded that where Congress used the terms employer and employee, it "'intended to describe the conventional master-servant relationship as understood by common-law agency doctrine.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322–23, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)(ERISA). As a matter of law, based upon traditional indicia of employment, neither IDA nor Clinton County employed Plaintiff. It has long been established that a "Title VII plaintiff is only an 'employee' if the defendant both pays him and controls his work." *See, e.g., Tadros v. Coleman*, 717 F.Supp. 996, 1004 (S.D.N.Y. 1989), *aff'd*, 898 F.2d 10 (2d Cir.1990), *cert. denied*, 498 U.S. 869, 111 S.Ct. 186, 112 L.Ed.2d 149 (1990). It is undisputed that ADC paid her salary, provided her with employment benefits, trained her, evaluated her work, and provided the work space she occupied. At no time was she accountable to Clinton County employees or IDA members. While ADC's board included some county officials, those officials did not dominate ADC or exercise control; indeed, their power was diluted by the virtue of being members of the board.

Finally, the Court declines Plaintiff's invitation to evade the statutory requirement of 42 U.S.C. § 2000e(b) on equitable grounds. Congress enacted § 2000e(b), and Congress can revise it. If this Court did waive the statutory requirement, it would render virtually meaningless every jurisdictional parameter imposed upon federal courts. The statute is constitutional; the interpretation has been set forth above; the Court's role with respect to the statute is complete.

**B. Section 1983**

■ To state a claim under 42 U.S.C. § 1983, the behavior complained of must be considered an action of the government and not a private actor. As explained above, neither IDA nor Clinton County were Plaintiff's employers and therefore cannot be liable for the § 1983 claim. To establish that ADC is a state actor, Plaintiff must demonstrate a significant nexus between the state and ADC such that their interests and actions were merged: "a private individual may be considered a state actor for purposes of a constitutional challenge if his/her conduct is 'fairly attributable to the state.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). The Supreme Court has developed four principles to analyze claims of state action. Specifically, the principles are (1) whether there exists a "symbiotic relationship" between the entity and the state; (2) whether there is "extensive regulation" of the entity by the state; (3) whether the entity "depended on the State for funds"; and (4) whether the entity "performs a public function." *Rendell–Baker v. Kohn*, 457 U.S. 830, 840–42, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) The record is barren of any such proof.

■ ADC is an independent, not-for-profit corporation governed by a volunteer board of directors comprised of private individuals. ADC's board exercises independent judgment in allocating organization resources, further negating a finding that ADC is a state actor. Although ADC receives county funds, so do a plethora of volunteer organizations. Mere receipt of government funds does not transform a private actor into a state actor. Plaintiff herself belies that contention with her own statement that "the largest portion of ADC income came from rental monies from tenants occupying nine industrial buildings

owned by IDA on lands deeded to IDA by the County of Clinton." *See* Affidavit of Suzanne B. Reil filed March 4, 1998, ¶ 11. There is no evidence that ADC is subject to unusually close government regulation or supervision. ADC operates industrial parks in which it rents space to private corporations; ADC is essentially a rental agent. Contrary to Plaintiff's assertions, ADC performs no government functions and is not a state actor.

### C. Supplemental Jurisdiction

No federal claims survive in this action. The Title VII and § 1983 claims against Defendants fail for the reasons set forth above, and Plaintiff has entirely withdrawn the ERISA claim. Under 28 U.S.C. § 1367(c)(3), this Court may decline to exercise jurisdiction over pendent state claims where it has dismissed all claims over which it has original jurisdiction.

### D. Attorneys' Fees

Defendants' requests for attorneys' fees are unfounded. There is no reason to believe that Plaintiff brought these claims in bad faith.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that defendants Ashley, Clinton County Area Development Corp., Clinton County Industrial Development Agency, and Clinton County Area Development Corp. Defined Benefit Plan's motion for summary judgment is GRANTED;

ORDERED that defendant Clinton County's motion for summary judgment is GRANTED;

ORDERED that defendant Kelly's motion for summary judgment is GRANTED;

ORDERED that Defendants' requests for attorneys' fees are DENIED;

ORDERED that the case is DISMISSED in its entirety for lack of subject matter jurisdiction; and it is

FURTHER ORDERED that the Clerk of the Court serve a copy of this order on all parties by Regular mail.

IT IS SO ORDERED.