**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff,**

**v.**

**SCHOOL BOARD OF PINELLAS COUNTY, FLORIDA, Defendant.**

**No. 89–1335–Civ–T–15B.**

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 3, 1990.

Donald C. Tyler, E.E.O.C., Miami Dist. Office, Miami, Fla., for plaintiff.

Bruce P. Taylor, Clearwater, Fla., for defendant.

## ORDER

CASTAGNA, District Judge.

The Court has considered defendant's motion for partial summary judgment, plaintiff's motion for summary judgment, and the respective responses.

Plaintiff Equal Employment Opportunity Commission (EEOC) has filed this case pursuant to 29 U.S.C. § 623 *et seq.*, the Age Discrimination in Employment Act (ADEA) on behalf of Salvatore Maffei, an instructor at Pinellas Vocational–Technical Institute, a school in the Pinellas County school system. The EEOC charges that defendant Pinellas County School Board (School Board) violated § 623(a) when it changed Maffei's employment contract from "continuing" to "annual"[1] when Maffei turned seventy. The EEOC charges also that the School Board switched Maffei from a daytime shift to a night shift because of his age.

In its motion for partial summary judgment, the School Board concedes that its change of Maffei's contract status was based solely on his age. However, the School Board maintains that it made this change pursuant to Florida Statute § 231.031, which provides:

> Maximum age for continued employment of instructional personnel.—Notwithstanding the provisions of s.112.044, no person shall be entitled to continued employment in any instructional capacity in the public schools of this state after the close of the school year following the date on which he attains 70 years of age; however, upon recommendation of the superintendent, the person may be continued in employment beyond such date, subject to annual reappointment in the manner prescribed by law. Nothing contained herein shall apply to employment limited to substitute and part-time teaching.

The Florida Supreme Court has interpreted this statute to "[place] a full-time over 70 teacher, in the position of an at-will employee on a year-to-year contract basis." *Morrow v. Duval County School Board*, 514 So.2d 1086, 1088 (Fla.1987). Thus, the School Board argues that Florida law compels it to change the contract status of Mr. Maffei and any other instructor when they turn seventy. Moreover, defendant maintains that the fact that the statute confers on a school board greater discretion to terminate an employee over 70 than it did when the employee was on tenured status is not necessarily discriminatory.

In its cross-motion for summary judgment on this issue, the EEOC argues that the School Board's action violates the clear language of 29 U.S.C. § 623(a), which provides:

> (a) It shall be unlawful for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual *or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age* ... (emphasis added).

---

1. According to the School Board, a continuing contract affords the employee tenure—the expectation of employment for the next school year—and the employee can be discharged only for "good and sufficient reasons." In contrast, an employee on an annual contract has no right to reemployment for the next school year, and may be discharged for "just cause."

because the contract change alters the terms, conditions, and privileges of Maffei's employment. The EEOC argues that the School Board has offered no evidence to demonstrate that its action is a result of a determination that age is a "bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age," the only statutory exceptions to subsection (a) as stated in § 623(f). Therefore, the EEOC maintains that it is entitled as a matter of law to summary judgment on this claim.

■ Given the School Board's explanation of the ramifications of a contract change from continuing to annual, the Court finds that such a change is discriminatory pursuant to the plain language of the ADEA because it changes the terms, conditions and privileges of an instructor's employment. Upon turning seventy, an instructor is deprived of that privilege often most coveted by those in the education field—tenure. It is a privilege and a condition of employment that the instructor attained only by completing a probationary period of at least three, and sometimes four years. *See* § 231.36(3)(c), Fla.Stat. The contract change from continuing to annual dramatically affects the conditions of an instructor's employment because he now, simply because of his age and not because of any alleged incompetency, has no expectation of employment for the next year, an expectation that he enjoyed only one year previously.

Defendant's primary defense to the discriminatory contract change is that it was compelled to do so by § 231.031 Fla.Stat. Case law demonstrates that reliance on a discriminatory statute is not considered a reasonable factor other than age, one of the statutory exceptions to § 623(a). *E.E. O.C. v. County of Allegheny*, 705 F.2d 679, 682 (3rd Cir.1983); *Orzel v. City of Wauwatosa Fire Department*, 697 F.2d 743, 751 (7th Cir.1983). The other statutorily authorized defense is that the School Board present evidence that age is a "bona fide occupational qualification" for serving as an instructor, and defendant represents in

its memorandum that it will produce no such evidence.

The EEOC has moved also for summary judgment on the School Board's other affirmative defenses, arguing that this case was filed within the applicable statute of limitations, and that the EEOC complied with all the conditions precedent to the filing of this suit. The School Board maintains that the cause of action arose in April of 1987 when Maffei turned 70 and his contract was changed from continuing to annual. This suit was filed in September of 1989, and according to the School Board because the EEOC failed to properly attempt reconciliation, the two year statute of limitations was not tolled, making this suit untimely.

■ As to defendant's affirmative defense that the EEOC failed to satisfy particular conditions, the Court finds that the EEOC has complied with all the requirements set forth in *Marshall v. Sun Oil Company*, 605 F.2d 1331, 1334 (5th Cir. 1979). The EEOC has offered evidence through the deposition testimony of Adelle Vaughn–Jemison, the School Board's assistant superintendent for Equal Employment, that she spoke with EEOC employees many times in June through August 1989 regarding the EEOC's March 1989 determination of discrimination and the June 1989 conciliation offer. Ms. Vaughn–Jemison testified that she never made a counteroffer because the contract change had been made on the basis of a state law, and the School Board could not conciliate the claim.

Based on this testimony, the School Board cannot now assert that the EEOC did not attempt to conciliate the action. Nor has the School Board come forward with any persuasive evidence to create a factual issue regarding whether the EEOC complied with the conditions precedent set forth in *Marshall*. Additionally, since the Court finds that the EEOC properly attempted conciliation, the statute of limitations was tolled during the conciliation attempts and this case was timely filed.

The EEOC's second claim is one of disparate treatment based on age. The EEOC

alleges that the School Board reassigned Maffei from the day shift to the night shift because a younger instructor, Joseph Zampach, age 48, although serving less years, is employed on a continuing contract and thus had seniority over Maffei when Maffei's contract was changed to annual. In support of this allegation, the EEOC points to the deposition testimony of Donald Elliot, Chairman of the Auto Body Department, who testified that Thomas O'Brien, assistant director of the Pinellas Vocational–Technical Institute, had told him that Maffei should work the night shift because he had the least seniority of the instructors since he was on annual contract. Maffei and instructor and union representative Paul Sipes have filed declarations stating that O'Brien told them that seniority was one of the factors in authorizing the schedule changes.

Thomas O'Brien, in his deposition, states that the schedule change was based on the fact that Joseph Zampach had to be at school during the day so that he could fulfill his duties as advisor to the Vocational Industrial Clubs of America (VICA). In his March 14, 1989 memo to Maffei, school director Robert Wagner states that Maffei has been reassigned to the evening schedule because Wagner determined that Zampach could not effectively perform his VICA duties if he taught at night.

To establish a prima facie case of age discrimination, plaintiff must prove that he is between the ages of 40 and 70 years old, was discharged, was replaced by a person under 40, and was qualified for the job. The Court finds that the EEOC has proved a prima facie case since Maffei was 70 years old at the time of the alleged discrimination, he was reassigned to a different shift—reassignment and demotion may be considered as a discharge—*Pace v. Southern Railway System*, 701 F.2d 1383, 1388–89 (11th Cir.), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983)—and he was qualified for the job he had been performing for seven years. Although Joseph Zampach's age is inside the protected group, he is some 23 years younger than Maffei and there is sufficient circumstantial evidence surrounding the reassignment, including the fact that Zampach had less experience, to support an inference that Maffei was reassigned because of his age. Thus, this factor does not deprive plaintiff of its prima facie case. *See Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1444 (11th Cir.1985)

The fact that plaintiff has established a prima facie case does not alone mandate summary judgment in the employee's favor. If the employer articulates nondiscriminatory reasons for the reassignment, plaintiff then has the burden of proving that the employer's rationales are pretextual. *Young v. General Foods Corp.*, 840 F.2d 825, 828 (11th Cir.1988). As stated above, the School Board maintains that its nondiscriminatory reason for reassigning Maffei was to enable Zampach to perform his duties as VICA advisor.

While the Court finds that the School Board's alleged rationale for Maffei's reassignment is nondiscriminatory, and plaintiff has introduced evidence to demonstrate that the stated rationale is pretextual, plaintiff's evidence is not sufficient for the Court to determine this issue as a matter of law. Based on the evidence before the Court, a reasonable jury could find that the School Board changed Maffei's schedule because of Zampach's other duties and not because of his age.

Based on the foregoing, it is

ORDERED:

1. Defendant's motion for partial summary judgment (D–32) is denied.

2. Plaintiff's motion for summary judgment (D–34) is granted in that the Clerk will be directed to enter judgment in favor of plaintiff the Equal Employment Opportunity Commission and against defendant on the contractual status claim.

3. Plaintiff's motion for summary judgment as to the reassignment of work shifts is denied.

DONE AND ORDERED.