UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

CITY OF EVANSTON, Board of Trustees of Evanston Firefighters Pension Fund, and State of Illinois, Defendants.

No. 93 C 6679.

United States District Court, N.D. Illinois, Eastern Division.

June 7, 1994.

Dana Richard Hutter, John C. Hendrickson, Celeste Harriet Davis, U.S.E.E.O.C., Chicago, IL, for E.E.O.C.

Jack M. Siegel, Altheimer & Gray, Chicago, IL, for City of Evanston.

Gladys M. Stevens, Illinois Atty. Gen.'s Office, Chicago, IL, for State of Ill.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of defendant State of Illinois to dismiss the complaint to the extent it is directed against the State of Illinois pursuant to Fed.R.Civ.P. 12(b)(1). For the following reasons, the motion is denied.

### FACTS [1]

Individuals Tony Quinones ("Quinones") and George Dwyer ("Dwyer") are firefighters for the City of Evanston ("City"). They were hired by the City after their thirty-fifth birthday.[2]

The City has established and maintains a firefighters' pension fund in accordance with

---

1. The following facts are drawn from the complaint. Further, the court takes judicial notice of the applicable Illinois statutes.

2. The complaint as drafted by the Equal Employment Opportunity Commission does not reveal the respective ages of Quinones and Dwyer.

Illinois law. The relevant Illinois statute provides that:

> In each municipality as defined in Section 4–103 [40 ILCS 5/4–103],[3] the city council or the board of trustees, as the case may be shall establish and administer a firefighters' pension fund as prescribed in this Article, for the benefit of its firefighters and of their surviving spouses, children and certain other dependents.

40 ILCS 5/4–101 (1993) (brackets in original). Illinois law not only mandates certain municipalities to create a firefighters' pension fund, but also prescribes the qualifications necessary for firefighters to participate in the pension plan. *See* 40 ILCS 5/4–107 (1993). Section 4–107 states as follows:

> Any person appointed as a firefighter in a municipality shall, within 3 months after receiving his or her first appointment and within 3 months after any reappointment make written application to the board to come under the provisions of this Article. *Such person shall be eligible to participate provided (1) he or she has attained age 18 but not age 35 at the time of first appointment....*

40 ILCS 5/4–107(b) (1993) (emphasis added). By the operation of § 4–107(b), Quinones and Dwyer have been unable to participate in the firefighters' pension fund established and administered by the City because they were both hired after their thirty-fifth birthday.

On November 2, 1993, the United States Equal Employment Opportunity Commission ("EEOC") initiated an employment discrimination action against the named defendants on behalf of Quinones, Dwyer and other firefighters who are at least forty years of age adversely affected by § 4–107(b) under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* The complaint seeks both injunctive and monetary relief from the named defendants.

## DISCUSSION

▮ Lack of subject matter jurisdiction is appropriately raised in a motion to dismiss under Fed.R.Civ.P. 12(b)(1). *Barnhart v. United States,* 884 F.2d 295, 296 (7th Cir. 1989), *cert. denied,* 495 U.S. 957, 110 S.Ct. 2561, 109 L.Ed.2d 743 (1990). Once questioned, it is the plaintiff's burden to establish that all jurisdictional requirements have been satisfied. *Kontos v. United States Dept. of Labor,* 826 F.2d 573, 576 (7th Cir.1987). In this context, it is proper for the court to look beyond the jurisdictional allegations in the complaint and to view whatever evidence has been submitted in response to the motion. *Roman v. United States Postal Serv.,* 821 F.2d 382, 385 (7th Cir.1987).

▮ The EEOC does not offer any extrinsic evidence other than the allegations made in its complaint in response to the State of Illinois' motion. Nonetheless, the court finds that the complaint contains enough allegations to establish the court's subject matter jurisdiction over the action. To begin the court's analysis in reaching that conclusion, the court will briefly discuss the purpose and the operative language of the ADEA. Congress enacted the ADEA in 1967 to promote employment practices that are based on an individual's ability to perform, rather than on his or her age. 29 U.S.C. § 621(b). The ADEA was thus designed to prohibit employers from arbitrarily discriminating against individuals based on their age. *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 120, 105 S.Ct. 613, 621, 83 L.Ed.2d 523 (1985). The ADEA makes it unlawful for employers "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...." 29 U.S.C. § 623(a). Any person who is at least forty years of age and is discriminated based on age, may commence a civil action for legal or equitable relief. 29 U.S.C. §§ 626(c)(1),

---

**3.** 40 ILCS 5/4–103 defines municipalities subject to § 4–101 as:

> (1) Any city, township, village or incorporated town of 5,000 or more but less than 500,000 inhabitants, and any fire protection district having any full-time paid firefighters, and (2)

any city, village, incorporated town or township of less than 5,000 inhabitants having a full-time paid fire department which adopts the provisions of this article pursuant to the provisions of Section 4–141 [40 ILCS 5/4–141]....

631(a). The ADEA also confers the right to commence civil actions on the EEOC to remedy discriminatory employment practices. 29 U.S.C. § 626(c)(1).

■ To invoke federal subject matter jurisdiction under the ADEA, the defendant must be an "employer" as defined under 29 U.S.C. § 630(b). *Rogers v. Sugar Tree Prod., Inc.,* 7 F.3d 577, 579 (7th Cir.1993). Section 630(b) defines "employer" as a:

> [P]erson engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.... The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State ... but such term does not include the United States....

29 U.S.C. § 630(b). Persons not meeting the definition as set forth in § 630(b) are not subject to liability under the ADEA. *Schaefer v. Transp. Media, Inc.,* 859 F.2d 1251, 1255 (7th Cir.1988).

■ The State of Illinois contends that the court lacks subject matter jurisdiction under the ADEA because it is not the employer of Evanston firefighters. The EEOC concedes that there is no traditional employer-employee relationship between the State of Illinois and Evanston firefighters. Nonetheless, the EEOC argues that because the State of Illinois controls the pension benefit aspect of Evanston firefighters by the maintenance and enforcement of § 4–107, it must be considered as an employer of Evanston firefighters to achieve the goal of the ADEA.

■ The court agrees with the State of Illinois that there is no direct employer-employee relationship between it and the Evanston firefighters. Even if the State of Illinois controls the eligibility for participating in a pension fund, governing a single aspect of one's employment is not enough to establish the traditional employer-employee relationship. *See Nationwide Mut. Ins. Co. v. Darden,* ── U.S. ──, ──── ──, 112 S.Ct. 1344, 1348–50, 117 L.Ed.2d 581 (1992). The EEOC does not allege or adduce evidence tending to indicate that the State of Illinois has supervisory control over the City's hiring, terminating, and promoting firefighters, the pay scale, working hours, and employee benefits other than the pension benefit. According to the EEOC's allegations, the State of Illinois' control is limited to defining the eligibility for participation in the pension fund.

■ The fact that an employer-employee relationship is lacking between the State of Illinois and Evanston firefighters, however, is inconsequential to the *court's jurisdiction.* The pivotal issue is whether the State of Illinois is an "employer" as defined under 29 U.S.C. § 630(b) for purposes of 29 U.S.C. § 623(a)(1), not whether the State of Illinois is an employer of Evanston firefighters. An examination of the relevant provisions under the ADEA reveals that to invoke federal subject matter jurisdiction, the plaintiff is not required to establish the traditional employer-employee relationship. *Doe on Behalf of Doe v. St. Joseph's Hosp.,* 788 F.2d 411, 422 (7th Cir.1986); *Pelech v. Klaff-Joss, LP,* 815 F.Supp. 260, 262 (N.D.Ill.1993); *Vakharia v. Swedish Covenant Hosp.,* 765 F.Supp. 461, 463 (N.D.Ill.1991). While these cases involved actions under the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.,* the court nevertheless finds them persuasive because both Title VII and the ADEA use the identical statutory language to describe the prohibited employment practices. *See* 42 U.S.C. § 2000e–2(a)(1); 29 U.S.C. § 623(a)(1).

In *Doe,* the district court held, *inter alia,* that one must be an employee to state a Title VII claim and dismissed the claim because there was no employment relationship between the plaintiff and the defendant. *Doe,* 788 F.2d at 422. On appeal, however, the Seventh Circuit Court of Appeals reversed the district court's order dismissing the Title VII claim. *Id.* at 425. In reaching that conclusion, the *Doe* court first examined the relevant language of Title VII. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge *any individual* or otherwise discriminate against *any individual* with respect to his compensation, terms, conditions, or privileges of employ-

ment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. § 2000e–2(a)(1) (emphasis added). The *Doe* court noted that § 2000e–2(a)(1) does not contain the term "employee," but instead refers to "any individual." It further recognized that there are no indications in the language of Title VII that "any individual" must be construed to mean only an "employee" of an employer. *Id.* Thus, the court concluded in *Doe* that the lack of a direct employment relationship between the plaintiff and the defendant was not dispositive of whether the Title VII claim was viable. *Id.* at 422. What is required in the event "any individual" is not an employee, is a showing that the defendant unlawfully interfered with the plaintiff's access to employment. *Id.* at 425; *Pelech,* 815 F.Supp. at 263.

The analysis conducted by the *Doe* court is applicable to the case *sub judice.* The ADEA employs words that are identical to the words used in Title VII to prohibit age discrimination. Under ADEA, it is unlawful for an employer "to fail or refuse to hire or to discharge *any individual* or otherwise discriminate against *any individual* with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...." 29 U.S.C. § 623(a)(1) (emphasis added). Congress in drafting § 623(a)(1) used the term "any individual" rather than using the term "employee" as it did in preceding clauses, § 623(a)(2) and (a)(3). Further, there are no indications in the ADEA limiting the definition of the term "any individual" to solely an employee of an employer. In fact, the plain meaning of the term "any individual" discounts such narrow reading. Thus, the absence of a direct employment relationship between the State of Illinois and Evanston firefighters is not a controlling factor in the jurisdictional analysis. For a complete analysis, the court must also determine whether the State of Illinois has unlawfully interfered with Evanston firefighters' access to employment benefits.

In the instant action, the allegations contained in the complaint adequately establish that the State of Illinois is an employer as defined under 29 U.S.C. § 630(b). The complaint further demonstrates that the State of Illinois has and is denying individuals, such as Quinones and Dwyer, their opportunity to participate in a firefighters' pension benefit program because of their age. Illinois statute, § 4–101, requires the City to establish and maintain a pension fund program, but the eligibility to participate in the fund is controlled by § 4–107. Therefore, the complaint successfully charges that it is unlawful for the "[State of Illinois] ... to discriminate against [Evanston firefighters who are at least forty years of age] with respect to [their] ... [employee benefit plan] because of [their] age...." 29 U.S.C. § 623. Undoubtedly, the State of Illinois could not maintain a similar policy where its employees who were hired after their thirty-fifth birthday is not eligible to participate in its pension benefit program. Accordingly, the court is fully satisfied that it has subject matter jurisdiction to hear the matter.

■ The State of Illinois raises as a second basis the argument that no case or controversy under Article III of the Constitution is asserted by the EEOC to support its assertion that the court lacks subject matter jurisdiction. After reviewing the allegations contained in the complaint, the court finds that the EEOC has presented a justiciable controversy. There is no evidence that § 4–107 is repealed or that its disparate impact on individuals such as Quinones and Dwyer has been fully remedied. Furthermore, the State of Illinois' maintenance of § 4–107, which on its face is in direct conflict with the ADEA, itself is actionable by the EEOC. *See EEOC v. Ill.,* 721 F.Supp. 156, 157 (N.D.Ill.1989).

### CONCLUSION

For the foregoing reasons, the motion of defendant State of Illinois to dismiss the complaint to the extent it is directed against the State of Illinois is denied.

IT IS SO ORDERED.