**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**The STATE OF ILLINOIS, Defendant.**

No. 88–2261.

United States District Court,
C.D. Illinois.
Danville Division.

July 25, 1994.

Order for Judgment Oct. 31, 1994.

As Amended Aug. 11, 1994.

Jean P. Kamp, Allison J. Nichol, John C. Hendrickson, Gordon G. Waldron, E.E.O.C., Chicago, IL, for plaintiff.

Randy E. Blue, Terrence J. Corrigan, Neil Hartigan, Asst. Atty. Gen., Springfield, IL, Deborah L. Ahlstrand, Illinois Atty. Gen., Chicago, IL, for defendant.

## ORDER

BAKER, District Judge.

This matter is before the court on the parties' cross motions for summary judgment. The plaintiff United States Equal Employment Opportunity Commission ("EEOC") brings this suit for damages against the State of Illinois pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq.*, which incorporates by reference Section 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 217. In the amended complaint, it is alleged that Ill.Rev.Stat. Ch. 122, Para. 24–11, 3rd literary paragraph, violated ADEA by prohibiting contractual service (tenure) for public school teachers 70 years old and older. ADEA had been made applicable to persons age 70 and over on October 31, 1986, but the Illinois State Board of Education ("ISBE") did not issue an opinion letter declaring the state law void until March 28, 1988 and the state did not repeal the law until January 1, 1989. Besides damages, the plaintiff seeks a permanent injunction "enjoining the State of Illinois from publishing, maintaining and enforcing or causing to be enforced any State Statute that denies tenure and its benefits to Illinois public school teachers based solely on age."

The plaintiff was originally awarded summary judgment in this case by an order from the court dated March 31, 1993. *See* Court File Doc. No. 72, Exhibit 18 to Plaintiff's Summary Judgment Memorandum. The court reversed its grant of summary judgment, however, by oral order in July, 1993 because the plaintiff had failed to establish that there were Illinois public school teachers who had been denied tenure as a result of enforcement of the state statute. The plaintiff now contends that Evelyn Lewin and Opal Cougill are two such people.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Herman v. National Broadcasting Co., Inc.,* 744 F.2d 604, 607 (7th Cir.1984), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1393, 84 L.Ed.2d 782 (1985). "[I]n determining whether factual issues exist, a reviewing court must view all the evidence in the light most favorable to the non-moving party." *Black v. Henry Pratt Co.,* 778 F.2d

1278, 1281 (7th Cir.1985). However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1363 (7th Cir.1988) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

■ In support of its motion, the plaintiff first cites the case this court relied on in its March 31, 1993 order for the proposition that ADEA is violated when tenure, a term, condition and/or privilege of employment, is denied to someone solely because of his/her age. *See EEOC v. School Bd. of Pinellas County, Fla.*, 742 F.Supp. 622, 624 (M.D.Fla. 1990). Gary J. Anderson, Assistant Legal Advisor for ISBE, also agreed that the state statute violated ADEA, as shown by his March 28, 1988 opinion letter on the matter. *See* Exhibit 3(b) to Exhibit 5 to Plaintiff's Summary Judgment Memorandum. Clearly the Supremacy Clause mandates that the state law give way to the federal statute. *See Orzel v. City of Wauwatosa Fire Dep't*, 697 F.2d 743, 751 (7th Cir.), *cert. denied*, 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 680 (1983).

Next, the plaintiff argues that even though the State of Illinois does not directly employ Illinois public school teachers, it still is liable as an "employer" under ADEA. The court previously agreed to an extent, in its January 25, 1990 order denying the defendant's motion to dismiss, stating that, "[a]t this time, the court cannot conclude that Illinois is not an employer within the meaning of ADEA." Court File Doc. No. 42, Exhibit 6 to Plaintiff's Summary Judgment Memorandum. The plaintiff again cites a case relied on previously by the court for the proposition that an entity that "controls some aspects of the plaintiff's compensation, terms, condi-

tions, and privileges of employment" can be an "employer" within the meaning of ADEA. *Betts v. Hamilton County Bd. of Mental Retardation*, 631 F.Supp. 1198, 1206 (S.D.Ohio 1986), *aff'd*, 848 F.2d 692 (6th Cir. 1988), *reversed on other grounds sub. nom., Public Employees Retirement Sys. of Ohio v. Betts*, 492 U.S. 158, 109 S.Ct. 2854, 106 L.Ed.2d 134 (1989). The plaintiff contends that although local school districts have a certain autonomy, they are heavily regulated pursuant to the Illinois School Code enacted by the Illinois Legislature and enforced by the ISBE. The plaintiff also cites authority from other circuits holding that a broad reading of the word "employer" as used in ADEA prevents responsible parties from flouting congressional intent by delegating some authority to third parties while still unlawfully enforcing discriminatory practices.

The plaintiff asserts that Opal Cougill and Evelyn Lewin are entitled to money damages because the illegal statute was enforced against them. Ms. Cougill stated in her deposition that she was told by her school principal during the 1986–87 school year that, because of state law, she would not be employed the next year because she was turning 70 on May 19, 1987. Ms. Cougill also averred that she was not offered her job back for the 1987–88 school year in her Charleston School District and was forced to retire because she did not want a part-time non-tenured teaching position and has not worked since. Ms. Lewin stated in her deposition that she was told by her school principal during the 1987–88 school year that, because of state law, she would not be employed the next year because she was turning 70 on June 14, 1988. Ms. Lewin also averred that she was not offered her job back for the 1988–89 school year in her Skokie School District and was forced to retire although she did work one more year in the district as a part-time non-tenured teacher. It is clear that even if Ms. Cougill and Ms. Lewin were really demoted not fired because of their age, ADEA would still be violated. *See Farr v. Continental White Cap, Inc.*, 762 F.Supp. 814, 817 (N.D.Ill.1991), *modified on other grounds*, 774 F.Supp. 522 (N.D.Ill.1991); *Pinellas*, 742 F.Supp. at 625. The plaintiff seeks full back pay for both women for the

years since they turned 70 as well as pre-judgment interest at the IRS rate and the donations the defendant would have made to their pension funds. *See Kossman v. Calumet County*, 800 F.2d 697, 703 (7th Cir.1986), *cert. denied*, 479 U.S. 1088, 107 S.Ct. 1294, 94 L.Ed.2d 151 (1987), *overruled on other grounds, Coston v. Plitt Theatres*, 860 F.2d 834 (7th Cir.1988) (goal of ADEA remedy is to make plaintiff whole). The plaintiff also claims that the amounts earned by Ms. Cougill and Ms. Lewin from their teacher's pensions in the intervening years should not be deducted from their awards as any windfall they might receive should be recouped only by the pension fund, a separate entity from the defendant. *See EEOC v. O'Grady*, 857 F.2d 383, 391 (7th Cir.1988).

The defendant responded to the plaintiff's motion for summary judgment and filed its own motion for summary judgment on June 3, 1994. The defendant challenges the plaintiff's factual assertions that Ms. Cougill and Ms. Lewin were forced to retire. The plaintiff notes that when Ms. Cougill's principal first spoke to her in September 1986, ADEA had not yet become applicable to persons 70 years old and older. The plaintiff asserts then that Ms. Cougill's subsequent decision to retire after the law had changed was independent and voluntary, not the result of any action by her principal or any other school official. The plaintiff claims that Ms. Lewin's decision to retire was influenced by other factors, such as retired friends' advice, and that she voluntarily "gave in" to these pressures. The defendant contends that it is speculation to conclude that neither Ms. Cougill or Ms. Lewin would have been continued in their contractual service had they not resigned.

Substantively, the defendant first argues that the proper test to apply in determining whether the State of Illinois is an employer of Ms. Cougill and Ms. Lewin under ADEA is the "economic realities" test of *Knight v. United Farm Bureau Mutual Ins. Co.*, 950 F.2d 377 (7th Cir.1991). *See Rogers v. Sugar Tree Prods., Inc.*, 7 F.3d 577, 581 (7th Cir. 1993). The most important of the five factors of the *Knight* test remains the right to control the employee's work. *See Knight*, 950 F.2d at 378. The defendant stresses that the local school board hires and fires teachers, and pays their salary, thus controlling their work. The defendant characterizes the plaintiff's laundry list of Illinois School Code provision as restrictions on the local school boards as to pay, holidays etc . . . not control over the teachers. The defendant argues that it is not the employer of all workers in the State of Illinois based on the minimum wage, overtime and employment of minors laws, so it is also not the employer of Illinois public school teachers.

Next, the defendant argues that it did not contribute to Ms. Cougill's and Ms. Lewin's losses because it did not act to enforce the state law that was rendered void with the extension of ADEA. The defendant states that the local school boards were not faced with any threat of lost funding by not following the state law because they were bound to obey the superseding federal law. Further, the defendant notes that it never affirmatively acted upon the law after ADEA was amended and sent the opinion letter stating that the statute was void.

Next, the defendant argues that Section 17 of the FLSA, 29 U.S.C. § 217 does not authorize the award of damages in this case because it provides that district courts may enjoin violations of the FLSA including "restraint of any withholding of payment of minimum wages or overtime compensation found to be due employees under this Act." The defendant contends that liability for damages under the FLSA is covered by Section 16, 29 U.S.C. § 216, and that the parties agree that the statute of limitations has run on that claim.

 Finally, the defendant is correct that the plaintiff's claims for declaratory and injunctive relief are moot as the law was repealed five years ago and there is no indication that the State of Illinois intends to reenact it or otherwise violate ADEA.

The plaintiff, with leave of the court, filed a reply to the defendant's response and cross motion on June 30, 1994. The plaintiff excerpts the relevant deposition testimony of Ms. Cougill and Ms. Lewin stating that they would not have retired but for the statements made by their principals that 70 was the

retirement age. The plaintiff also states that the evidence establishes that neither Ms. Cougill or Ms. Lewin were in fact offered their tenured positions at the end of the school year, although Ms. Lewin was offered and accepted a part-time non-tenured position. The plaintiff asserts that it is therefore misleading for the defendant to suggest that they would have been able to keep their jobs if they had not resigned.

Next, the plaintiff argues that the defendant should be considered an employer under ADEA based on its control over Illinois public school teachers and because its statute violated ADEA, despite the fact that it is not the actual employer of the teachers. Besides *Betts*, the plaintiff cites *EEOC v. City of Evanston, et al.*, 854 F.Supp. 534 (N.D.Ill. 1994) (Exhibit 1 to Plaintiff's Reply Memorandum—prior copy), where the court held that the State of Illinois was an employer for purposes of ADEA even though the City of Evanston was the actual employer of the plaintiff firefighters who had been denied admission to the firefighters' pension fund because they were hired after the age of thirty-five. *See id.* at 537–38. The court relied on the Seventh Circuit's broad reading of the term employer in a Title VII case, based on the identical language used in ADEA, making the proscribed conduct unlawful as to any individual, not merely employees of the defendant employer. *See id.* at 537–38 (*citing Doe on behalf of Doe v. St. Joseph's Hosp.*, 788 F.2d 411, 422 (7th Cir. 1986)).[1] The plaintiff distinguishes the *Rogers* and *Knight* cases relied on by the defendant because they involved the distinct issue of whether the plaintiff was an employee of the defendant *or* an independent contractor. Similarly, although the Seventh Circuit specifically noted in *Hayden v. La–Z–Boy Chair Co.*, 9 F.3d 617, 620 (7th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1371, 128 L.Ed.2d 47 (1994), that it had not yet decided whether to give ADEA the same broad reading it gave Title VII, that case also involved the independent contractor question. *See id.* at 622.

Next, the plaintiff disputes the defendant's position that the local school boards should have known to ignore the state law after ADEA had been amended. The plaintiff notes that the opinion letter from the ISBE was not sent until March 28, 1988, after Ms. Cougill had been forced to retire and Ms. Lewin had been told she should as well. Further, the plaintiff's quotes from the deposition of Eugene M. Daly, an attorney for ISBE, that it is unclear whether all the local school boards received the opinion letter.

Next, the plaintiff argues that ADEA does authorize the award of damages here based on the broad language contained in 29 U.S.C. § 626(b) that the court may "grant such legal and equitable relief as may be appropriate to effectuate the purposes of this chapter." This same section of ADEA also mentions "enforcing the liability for amounts deemed to be unpaid minimum wages and or unpaid overtime compensation" and the Seventh Circuit has recently attributed this "mystery" to the fact that ADEA "incorporates the remedies and procedures of the [FLSA]." *Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 283 (7th Cir.1993). The plaintiff contends that the back pay and other damages sought in this case are deemed to be "unpaid minimum wages or unpaid overtime compensation" for purposes of this action. *See id.*

■ The court finds no reason to depart from its prior decisions in this case and allows the plaintiff's motion for summary judgment and denies the defendant's motion for summary judgment. When Ms. Cougill was told by her school principal during the 1986–87 school year that, because of state law, she would not be employed the next year because she was turning 70 on May 19, 1987, she was being fired. Ms. Cougill was not offered her job back for the 1987–88 school year in her Charleston School District and was forced to retire because she was not told that the state law had become void. By "setting in motion" Ms. Cougill's firing before ADEA was amended, the defendant, through its representatives, acquired a duty

1. The plaintiff notes that Judge Mills, in *dicta* after finding that the relevant firefighters had settled their claims, has taken a narrow view of the term employer as used in ADEA in a related case, without considering *Doe, Rogers* or *Knight*. *See EEOC v. State of Illinois*, No. 94–3003 (C.D.Ill. April 18, and May 17, 1994) (Exhibits 2 & 3 to Plaintiff's Reply memorandum).

to stop it once the amendment took effect making the firing illegal. Ms. Cougill did not waive her ADEA rights by resigning so that her pension checks could begin to come. Similarly, Ms. Lewin was told by her school principal during the 1987–88 school year that, because of state law, she would not be employed the next year because she was turning 70 on June 14, 1988. Although she felt pressure from various people to retire, Ms. Lewin also averred that she primarily felt the pressure from her principal and would not have retired otherwise. Ms. Lewin's firing also violated ADEA.

■ The defendant does not deny that the statute in the abstract violates ADEA, but argues that it was not an employer within the meaning of the statute and that it did not enforce it. The policy considerations discussed by the Seventh Circuit relative to this type of case (i.e. avoiding "corporate veil" violations) make application of the broad Title VII definition of employer particularly appropriate. *See Doe*, 788 F.2d at 422. Regardless of the standard applied, however, the inquiry into whether the defendant was an employer depends on the degree of control the defendant had over public school teachers in Illinois. *See Knight*, 950 F.2d at 378. The defendant's contention that its myriad regulations within its extensive School Code are directed only at local school boards not the teachers themselves is not persuasive. The State of Illinois can and does enforce nearly every aspect of its public school teachers' work environment, delegating the remainder of the responsibility to the local school boards largely for efficiency purposes.

Similarly, the defendant's argument that local school boards should know to ignore state law when federal law preempts it, is a bit farfetched. Although the violation here was rather obvious, the defendant was obligated to give the local school boards some direction on the matter. The opinion letter from Mr. Anderson, even if it was sent to every local school board, was not written until March 28, 1988, after Ms. Cougill had been forced to retire and Ms. Lewin had been told she should as well. Finally, the Seventh Circuit's decision in *Moskowitz* es-tablishes that ADEA "incorporates the remedies and procedures of the [FLSA]," and entitles Ms. Cougill and Ms. Lewin to receive back pay. *Moskowitz*, 5 F.3d at 283.

■ The plaintiff claims that Ms. Cougill is entitled to $200,074 in back pay and $56,-433.32 in interest at the IRS rate and that Ms. Lewin is entitled to $324,779 and $40,-553.73 in interest at the IRS rate. The plaintiff is correct that Ms. Cougill and Ms. Lewin are entitled to interest at the IRS rate and that they should not have their recovery reduced by the payments received from their pension funds since their firings. *See EEOC v. O'Grady*, 857 F.2d 383, 391 (7th Cir.1988). A genuine issue of material fact exists as to the amount of damages and summary judgment is inappropriate on that subject.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment as to liability (docket # 88) is allowed. The clerk is directed to set the case for jury trial on the issue of damages only.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment (docket # 92) is denied.

### JUDGMENT ORDER

On July 25, 1994, this court granted the Equal Employment Opportunity Commission's Motion for Summary Judgment as to Liability and set this case for trial on the issue of damages against the State of Illinois. This Court also ruled that "Ms. Cougill and Ms. Lewin are entitled to interest at the IRS rate and ... should not have their recovery reduced by the payments received from their pension funds since their firings." (August 11, 1994 Errata Sheet.)

On September 19, 1994, this Court conducted a hearing as to damages. Based on that hearing, this court makes the following findings:

1. **Opal Cougill** was employed as a teacher in the State of Illinois for 38 years. Her last year of employment as a teacher was with the Charleston School District during the 1986–1987 school year, the year during which she reached age 70, on May 19, 1987. She testified, and the Court finds that

she would have worked for five more years if she had not been told that, because of her age, the 1986–1987 school year would be her last as a tenured full-time teacher.

2. **Opal Cougill** is entitled to the salary she would have earned for each of those years (which includes amounts of contributions toward the Teachers' Retirement System), as follows:

| | |
|---|---|
| 1987–1988 | $28,247 |
| 1988–1989 | $29,125 |
| 1989–1990 | $30,000 |
| 1990–1991 | $30,900 |
| 1991–1992 | $32,150 |
| **Total** | **$150,422** |

(Plaintiff's Exhibit 9.)

3. **Opal Cougil** is also entitled to interest on the above amounts at the IRS rates. The parties have stipulated that interest at the IRS rates compounded annually on the above amounts through October 1, 1994 equals $64,-359. (See attached stipulation.)

4. **Evelyn Lewin** was employed as a full-time tenured school teacher in Skokie School District # 68 from the 1965–1966 school year to the close of the 1987–1988 school year, the year during which she reached age 70, on June 14, 1988. During the 1988–1989 school year she worked as a part-time non-tenured teacher at the Skokie School District. Her salary for the 1988–1989 school year was $19,897, but if she had taught that year as a full-time tenured teacher her salary would have been $48,019 (which includes amounts of contributions toward the Teachers' Retirement System).

5. **Evelyn Lewin** testified, and the Court finds that she would have worked full time during the 1988–1989 school year and in subsequent years if she had not been told that, because of her age, the 1987–1988 school year would be her last as a tenured full-time teacher.

6. **Evelyn Lewin** is entitled to $28,122, being the difference between her part-time salary and the salary she would have earned as a full-time teacher during the 1988–1989 school year. She is also entitled to the salary she would have earned for the following years (which includes amounts of contribu-

tions toward the Teachers' Retirement System). Those amounts are:

| | |
|---|---|
| 1988–1989 | $28,122.00 |
| 1989–1990 | $51,690.00 |
| 1990–1991 | $55,645.00 |
| 1991–1992 | $59,722.00 |
| 1992–1993 | $63,246.00 |
| 1993–1994 | $66,354.00 |
| **Total** | **$324,779.00** |

(Plaintiff's Exhibit 8.)

**Evelyn Lewin** is also entitled to interest on the above amounts at the IRS rates. The parties have stipulated that interest at the IRS rates compounded annually on the above amounts through October 1, 1994 equals $68,-804. (See attached stipulation.)

WHEREFORE,

a) Judgment is entered in favor of Plaintiff and against the State of Illinois on behalf of **Opal Cougill** in the amount of $214,781.

b) Judgment is entered in favor of Plaintiff and against the State of Illinois on behalf of **Evelyn Lewin** in the amount of $393,583.

### ATTACHMENT

### STIPULATION

The Equal Employment Opportunity Commission and the State of Illinois hereby stipulate that if the IRS interest rate compounded quarterly is calculated on the following amounts, the amount of interest is as indicated.

1) Interest on the following sums (corresponding to back pay claimed by Opal Cougill) equals $64,359:

| | |
|---|---|
| 1987–1988 | $28,247 |
| 1988–1989 | $29,125 |
| 1989–1990 | $30,000 |
| 1990–1991 | $30,900 |
| 1991–1992 | $32,150 |

2) Interest on the following sums (corresponding to back-pay claimed by Evelyn Lewin) equals $68,804.

| | |
|---|---|
| 1988–1989 | $28,122.00 |
| 1989–1990 | $51,690.00 |
| 1990–1991 | $55,645.00 |
| 1991–1992 | $59,722.00 |
| 1992–1993 | $63,246.00 |
| 1993–1994 | $66,354.00 |

/s/ Terence J. Corrigan
Terence J. Corrigan
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706

Date: 10/13/94

/s/ Gordon Waldron
Gordon Waldron
EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353–7525

Date: 10/14/94