**Helene R. ELIAS, Plaintiff,**

v.

**NAPERVILLE EYE ASSOCIATES, LTD., Defendant.**

**No. 96 C 1328.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 18, 1996.

Jeffrey M. Carey, Chicago, IL, for plaintiff.

Shawn Michael Collins, The Collins Law Firm, Naperville, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is Defendant Naperville Eye Associates, Ltd.'s ("Naperville") Motion to Dismiss for Lack of Subject Matter Jurisdiction. For the following reasons, the motion is granted.

### I. *Facts*

The parties do not dispute the facts pertinent to this motion. Plaintiff Helene R. Elias ("Elias") worked for Naperville in a management position. Naperville discharged Elias on January 23, 1995. At the time of her discharge, Elias was fifty six years old.

Elias filed an age discrimination claim with the Equal Employment Opportunity Commission ("EEOC"). The EEOC later issued

a Right to Sue Letter, and Elias filed suit in federal court. In her Complaint, Elias alleges that Naperville discharged her because of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634.

Naperville's payroll records indicate that it "had on its payroll twenty or more employees during twenty or more weeks in 1994 and 1995." (Pl's. Supplemental Resp. at 1.) However, on no day did Naperville ever "have twenty or more employees actually at work on each workday twenty or more workweeks in 1994 or 1995." (Pl's. Supplemental Resp. at 1.) These facts were stipulated by counsel in open court. Naperville argues that these facts demonstrate that it is not an "employer" as defined by the ADEA. The court agrees.

## II. *Discussion*

■ Naperville brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(1), which allows a party to move the court to dismiss based on a lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Once jurisdiction is questioned, the plaintiff bears the burden of establishing that all jurisdictional requirements have been satisfied. *EEOC v. City of Evanston*, 854 F.Supp. 534, 536 (N.D.Ill.1994). In considering a motion to dismiss for lack of subject matter jurisdiction, the court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor. *Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir.1993). However, the court may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir.1993). Under a Rule 12(b)(1) motion, the court must exercise discretion to resolve jurisdictional factual issues. *See Pratt Central Ltd. Partnership v. Dames & Moore, Inc.*, 60 F.3d 350, 354 (7th Cir.1995).

■ Congress limited the ADEA to apply only to "employers." According to the ADEA, "[t]he term employer means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). The statute, however, does not establish a working method for courts to count employees and determine whether the required floor of twenty employees is met. As a result, two methods materialized.

■ Some circuits other than the Seventh Circuit adopted a "payroll method" of counting employees. This method, to which the EEOC and Elias subscribe, involves summing the total number of employees maintained on the employer's payroll within a given week. If the court were to employ this method, it would likely find Naperville to be an "employer." Yet, this circuit declines to use such a method.

■ Instead, the United States Court of Appeals for the Seventh Circuit utilizes what this court terms the "workplace method." *See Zimmerman v. North Am. Signal Co.*, 704 F.2d 347, 352–54 (7th Cir.1983). According to the "workplace method";

[A company's] salaried workers are counted as employees for every day of the week they are on the payroll, whether or not they were actually at work on a particular day. Its hourly paid workers are counted as employees only on days when they are actually at work and on days of paid leave. Thus an hourly paid worker who worked Monday through Thursday is not counted as an employee on Friday, regardless of the number of hours he worked that week and regardless of whether he is a permanent employee who will return next week or a temporary employee who will not.

*Zimmerman*, 704 F.2d at 353. The Seventh Circuit endorsed its previous *Zimmerman* decision—and, in turn, reaffirmed its confidence in the "workplace method"—less than a year ago, on July 18, 1995. *See EEOC v. Metropolitan Educ. Enters., Inc.*, 60 F.3d 1225 (7th Cir.1995) ("We are not persuaded that subsequent events dictate overruling *Zimmerman*, ... and therefore reject the ... invitation to do so"). The "workplace method" requires that a court count only those weeks where at least twenty employees are at the workplace or on paid leave for

each of the seven days of the week. *Id.* at 1227. If twenty employees are not physically working or on paid leave each day of a week, then that week will not count; that is, the week cannot be used in the determination of whether the defendant is an "employer."

 Applying the Seventh Circuit's "workplace method" of employee number calculation to the instant case, the court finds that Naperville is not an "employer" subject to liability under the ADEA. Elias alleges that the discrimination took place on January 23, 1995. Thus, the two years relevant to the "employer" inquiry are 1995, "the current year," and 1994, "the preceding year." 29 U.S.C. § 630(b). Looking at both those years, the court finds that, while Naperville did have on its payroll twenty or more employees each week for twenty or more weeks in 1994 and 1995, it never had twenty workers physically present at its office working (or on paid leave) on any single day in either of the two years. Thus, Naperville did not meet the minimum jurisdictional requirement; Naperville did not employ twenty people for at least twenty calendar weeks in either 1994 or 1995. Put simply, Naperville was not an "employer"—as defined by the ADEA—in either of the relevant years.

Since Naperville does not meet the definition of an "employer," it cannot be subjected to liability under the ADEA. *Schaefer v. Transp. Media, Inc.,* 859 F.2d 1251, 1255 (7th Cir.1988). As such, the court is without subject matter jurisdiction to entertain the lawsuit. *Zimmerman,* 704 F.2d at 350–51; *City of Evanston,* 854 F.Supp. at 536. Elias alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331, which grants the court "original jurisdiction of all civil actions arising under ... the laws ... of the United States." Yet, the federal law out of which the lawsuit supposedly "arises," the ADEA, does not apply to Naperville. Therefore, Elias' jurisdictional allegation is erroneous. Elias has not met her burden of establishing another basis for jurisdiction and, accordingly, the court dismisses the Complaint with prejudice.

### III. *Conclusion*

The court's determination will not be a surprise to Elias. In her Complaint, Elias alleges, "a determination that Naperville ... is an ADEA employer may involve the application of legal standards which are inconsistent with certain precedents in the Seventh Circuit Court of Appeals." (Compl. at ¶ 5.) In her Supplemental Response, Elias "maintains that *Zimmerman* is wrong and that [Naperville] should be held to be an ADEA employer.... Nonetheless, *Zimmerman* controls here. Plaintiff intends to see the overruling of *Zimmerman.*" (Pl's. Supplemental Resp. at 1.)

While the instant motion is not agreed, the facts and controlling law are conceded. At no small cost to Naperville, Elias admittedly seeks to have the Seventh Circuit consider again whether *Zimmerman* should be the prevailing rule. Yet, as impliedly acknowledged by Elias, the "workplace method" is alive and well in the Seventh Circuit at the time of litigation before this district court. Applying the undisputed facts with the undisputed applicable Seventh Circuit "workplace method" of counting employees, the court finds that it is without subject matter jurisdiction and, accordingly, dismisses the Complaint with prejudice.

IT IS SO ORDERED.