Jimmie E. SMALL, Plaintiff,

v.

Elaine E. CHAO, Secretary U.S. Department of Labor, Illinois Department of Commerce and Community Affairs, Two Rivers Regional Council of Public Officials, Carl Sandburg College JTPA, and West Central Workforce Development Council, its agents and assigns, Defendants.

No. 02–3191.

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 15, 2003.

See, also, 377 F.Supp.2d 654, 2003 WL 24116492.

Employment Act ("ADEA") by discriminating and retaliating against him based on his age, race and sex. 42 U.S.C. § 2000e; 29 U.S.C. § 636 et al. He also claims that Defendants breached a contractual obligation to him. For the reasons stated below, Plaintiff's Complaint is insufficient to state a claim of age, race or sex discrimination or retaliation. In addition, the Court declines its power to exercise supplemental jurisdiction over Plaintiff's claim alleging breach of contract. This claim is also dismissed. *See* 28 U.S.C. § 1367. Therefore, Defendants' Motions to Dismiss are allowed.

Jimmie E Small, Quincy, IL, pro se.

James A Lewis, US Atty, Springfield, IL, for Defendant.

### ORDER

SCOTT, District Judge.

This matter comes before the Court on Defendant Two Rivers Regional Council of Public Officials' Motion to Dismiss (d/e 13), Defendant West Central Workforce Development Council's Motion to Dismiss (d/e 23), Defendant Illinois Department of Commerce and Community Affairs' Motion to Dismiss (d/e 30), and Defendant Carl Sandburg College JTPA's Motion to Dismiss (d/e 34).[1] Defendants brought each of their respective Motions to Dismiss for failure to state a claim. *Fed. R. Civ. P.* 12(b)(6). In his Complaint, Plaintiff Jimmie Small alleges that Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in

### FACTS

Plaintiff Jimmie Small is a 57–year–old Caucasian man. In his Complaint, Plaintiff alleges that he gained residence in a homeless shelter with the assistance of Defendant Two Rivers Regional Council of Public Officials ("Two Rivers"). He further alleges that on July 30, 1996, the Department of Commerce and Community Affairs ("Department") required him to attend training and employment seminars. Pursuant to this job training, Two Rivers sent him information which included a pamphlet describing course offerings at Gem City College. Among the training courses listed was a paralegal training program. Plaintiff alleges that sometime prior to September 15, 1996, he filled out a standard Job Training Partnership Act ("JTPA") application to indicate that he wanted to take paralegal training courses. The JTPA provided federal funding to be

---

**1.** The Court notes that Plaintiff, proceeding *pro se,* has responded to each of the Defendants' Motions to Dismiss. He responded to Defendant Two Rivers Regional Council's Motion to Dismiss through a motion entitled "Plaintiff's Motion to Correct Pleading (Subject Matter Jurisdiction) by Interlineation" (d/e 25). In a minute entry dated December 26, 2002, this Court indicated that it would

consider this Motion as Plaintiff's Response to Two Rivers Regional Council's Motion to Dismiss. Plaintiff responded to West Central Workforce Development Council's Motion to Dismiss on October 11, 2002 (d/e 35). He responded to the Department of Commerce and Community Affairs and Carl Sandburg JTPA's Motions to Dismiss on January 7, 2003 (d/e 49).

administered by the various states for the purpose of training certain disadvantaged persons. In Illinois, the Department oversees the JTPA program. Plaintiff alleges that Carl Sandburg College ("Carl Sandburg") funded these courses under the JTPA.

Plaintiff alleges that he was not enrolled in a training program within 45 days of filling out and returning the training application. Plaintiff states that Defendants' failure to enroll him in the program within 45 days violated his rights because the JTPA System Reference Manual explained that participants must be enrolled in a program within 45 days of applying or that a new application should be given. *Complaint* ¶ 17. Plaintiff further alleges that Defendants did not provide him with a new application to reapply to the training program, as was required in the training manual. He alleges that such failures constituted intentional discrimination based on his age, race and sex.

Prior to July 7, 1997, Plaintiff applied for federal grant money to help finance his education. He alleges that he was eligible for $2,150 in funding. On July 29, 1997, Plaintiff received a letter from an employee of Two Rivers which indicated that funding would be applied on a "case-by-case basis." *Complaint* ¶ 71. The letter also indicated that Plaintiff's grant would be discussed at the next meeting of the Private Industry Council's Executive Committee, which is the governing board of Two Rivers. Plaintiff claims that although Two Rivers and Carl Sandburg knew that Plaintiff had received information approving his grant, they did not discuss this grant at the next meting on August 13, 1997. Plaintiff alleges that as a result of the failure to discuss his grant, he never received the money.

On August 19, 1997, the Private Industry Council denied Plaintiff's request for paralegal training at Gem City College.

Plaintiff states that this was an intentional violation of his rights. On September 5 and September 15, 1997, Plaintiff filed a grievance against Judy Leonard, an employee of Two Rivers and Blanche Shoupe and Betty McNaught, employees of Carl Sandburg. Plaintiff did not use the grievance form provided by the JTPA. Instead he filed a "Motion to Strike" the decision not to have paralegal training. Plaintiff claims that Defendants demonstrated "reckless disregard" for his grievance claim. *Complaint* ¶ 23. Plaintiff alleges that as of October 18, 1998, he had not received any response to these complaints.

On October 18, 1999, Plaintiff submitted a JTPA appeal form to Cathy Harger at the Department. Plaintiff states that on that date, EO Officer Renee Moore and Agent Victoria D. Ben–Rochelle, and Susan Budgeline intentionally attempted to "circumvent [Plaintiff's] civil rights" by trying to discourage him from proceeding with his complaints dated in September 1997. *Complaint* ¶ 29.

On October 20, 1999, a hearing was held with regard to Plaintiff's complaints filed two years earlier. Plaintiff claims that this two-year delay was intentional. West Central Workforce Development Council ("West Central") employee Michael Sherer acted as a hearing officer in an attempt to resolve Plaintiff's grievance with Two Rivers. Plaintiff claims that at the hearing, Sherer coerced him into accepting a settlement of his charges. On November 23, 1999, Plaintiff alleges that Sherer threatened Plaintiff with reprisal if he persisted in his discrimination claims. *Complaint* ¶ 51.

On February 16, 2000, Plaintiff filed a complaint with the United States Department of Labor claiming that Carl Sandburg, Two Rivers, and the Department had discriminated and retaliated against him because of his status as an indigent

person. The Department of Labor dismissed Plaintiff's claims on September 5, 2001, stating that there was insufficient evidence of Plaintiff's claims. Plaintiff claims that the Department of Labor retaliated against him for his "whistleblowing complaint." *Complaint* ¶ 48. Plaintiff also claims that the Department of Labor "issued threats of reprisal" against Plaintiff, if he persisted with his claims. *Complaint* ¶ 50.

Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) against the Department of Labor, Two Rivers, Carl Sandburg, and West Central on April 22, 2002. He received right to sue letters on May 8, 2002. These letters each indicate that Plaintiff did not file charges with the EEOC in a timely manner. Plaintiff filed his Complaint in this Court on July 29, 2002.

Plaintiff claims that each of the Defendants intentionally discriminated against him based on his age (Count I), his race (Count II) and his sex (Count IV). Count III alleges a claim for breach of contract, and a claim that Defendants retaliated against Plaintiff for filing his discrimination grievances. Plaintiff contends that Defendants Two Rivers and Carl Sandburg entered into a binding agreement with Plaintiff on July 30, 1996. Plaintiff contends that Defendants breached this agreement in order to retaliate against Plaintiff. *Complaint* ¶ 94.

### STANDARD OF REVIEW

For the purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw inferences in the light most favorable to the non-moving party. *Hager v. City of West Peoria,* 84 F.3d 865, 868–869 (7th Cir.1996); *Covington Court, Ltd. v. Village of Oak Brook,* 77 F.3d 177, 178 (7th Cir.1996). A complaint should not be dismissed unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Doherty v. City of Chicago,* 75 F.3d 318, 322 (7th Cir.1996).

### ANALYSIS

The Court will consider Defendants' Motions to Dismiss for failure to state a claim together because they raise the same arguments. First, Defendants argue that Plaintiff has failed to demonstrate that there was an employer-employee relationship, or the potential of an employer-employee relationship, between Plaintiff and any of Defendants. Defendants also argue that none of the acts which Plaintiff contends were discriminatory or retaliatory occurred within 300 days of Plaintiff filing his charges with the Equal Employment Opportunity Commission. Therefore, they contend Plaintiff's actions are time barred.

Title VII states, in relevant part:

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e–2(a). The ADEA provides, in relevant part:

It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. § 623(a)(1). Plaintiff's claims against Defendants must be dismissed because Plaintiff has failed to allege that he had an employer-employee relationship with any of them. *See Alexander v. Rush N. Shore Med. Ctr.*, 101 F.3d 487, 492 (7th Cir.1996) (Title VII); *Hayden v. La-Z-Boy Chair Co.*, 9 F.3d 617, 620 (7th Cir. 1993)(ADEA). Plaintiff alleges that he was discriminated against by Two Rivers and Carl Sandburg when they did not follow proper procedures in admitting him to a paralegal training program at Gem City College. He further contends that they discriminated and retaliated against him when they did not follow proper procedures after Plaintiff filed grievances against them. Plaintiff alleges that the Department and West Central discriminated and retaliated against him for failing to properly handle his grievances against Two Rivers and Carl Sandburg. Plaintiff has not alleged that he was employed by, or had the potential of being employed by, any of the Defendants.

In Plaintiff's Response to Defendant West Central's Motion to Dismiss (d/e 35), Plaintiff states that if he had been given the paralegal training that he requested, he "thereafter would have had a reasonable expectation of employment with West Central and other employers who receive Federal funding support...." *Response to Motion to Dismiss* (d/e 35), p. 21. This relationship is too tenuous to indicate an employer-employee relationship. Plaintiff has alleged no facts to indicate that he had applied for employment with any of the Defendants.

Plaintiff also cites to *U.S. EEOC v. City of Evanston*, 854 F.Supp. 534 (N.D.Ill. 1994), for the proposition that he does not have to establish a traditional employer-employee relationship to bring an employment discrimination claim.[2] In that case, the EEOC brought a suit under the ADEA against the City of Evanston and the State of Illinois, alleging that the terms of a pension plan for city firefighters were discriminatory on the basis of age. The State filed a motion to dismiss, arguing that it had no employer-employee relationship with these firefighters. The Court concluded that while the city was responsible for the "hiring, terminating, and promoting" of the firefighters, it could not dismiss the State prior to determining if the State "unlawfully interfered with Evanston firefighters' access to employment benefits." *Id.* at 538. The Court held that a traditional employment relationship did not have to be established in that case. *Id.* at 537.

 *EEOC v. City of Evanston* is distinguishable from the case at bar. Plaintiff has not alleged any relationship of employment with any of the Defendants. He has failed to allege that Defendants interfered with his access to employment with any specific employer. He has failed to show that any of the Defendants had any connection whatsoever to Plaintiff's potential employment. Since Plaintiff has failed to establish an employer-employee relationship, the case must be dismissed. The Court need not reach the issue of whether Plaintiff's claims are barred by the statute of limitations. The Court notes also that

**2.** The Court notes that while the Northern District's decision in *EEOC v. City of Evanston,* has not been overruled, it has been called into doubt by later decisions in the same district. *See Kerr v. WGN Continental Broadcasting Co.,* 229 F.Supp.2d 880, 884 (N.D.Ill. 2002); *United States v. State of Illinois,* 1994 WL 562180, *2 (N.D.Ill.1994).

Plaintiff's ADEA Complaint against the Department is barred by the Eleventh Amendment. *Kimel v. Florida Board of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000).

The Court declines its power to exercise supplemental jurisdiction against Plaintiff's claim for breach of contract (Count III). *See* 28 U.S.C. § 1367. To the extent that Plaintiff is claiming that Defendants breached a contractual relationship with him pursuant to the JTPA, a federal law, the Court finds that Plaintiff is unable to state such a claim. The regulations interpreting the JTPA state that "[n]othing in this Act or this chapter shall: . . . Be construed to create a private right of action with respect to alleged violations of JTPA or the regulations promulgated thereunder." 20 C.F.R. § 627.500(d). Plaintiff has no private cause of action under the JTPA. *See Worthington v. Subaru–Isuzu Automotive, Inc.,* 868 F.Supp. 1067, 1070 (N.D.Ind.1994).

## CONCLUSION

For the reasons stated above, Plaintiff has failed to state a claim in Counts I, II, and IV of his Complaint. The Court declines to exercise supplemental jurisdiction over Count III, to the extent it states a State law claim. THEREFORE, Defendants' Motions to Dismiss (d/e 13, 23, 30 & 34) are allowed. Carl Sandburg, Two Rivers, West Central, and the Department are dismissed from this cause of action. The Department's Motion to Strike Plaintiff's Motion to Strike and for Default (d/e 38) is denied as moot. Plaintiff's Motion to Amend by Interlineation (d/e 25) is allowed and treated as a response to Two Rivers' Motion to Dismiss.

IT IS THEREFORE SO ORDERED.